JOHN M. CHAMBERS, executor, &c.,

*v.*

JOSEPH K. SHARP et al.

[Filed January 30th, 1901.]

1. Where a will definitely expresses a gift of a life estate to executors for certain purposes named in the will, and adds thereto a power for other purposes, the estate and the power being adequate to carry into effect the intent of the testator, there is no occasion so to construe the will as to raise an implied estate in fee-simple in the executors.

2. The testatrix gave the income of her estate for life to her brother and sister and to the survivor, and further declared, "and upon the death of the survivor of my said brother and sister, and after the sale of my real estate as hereinbefore directed, I do hereby give and bequeath" to E. M. S. and others, the gift being the residue of the estate.—*Held*, the words "*hereby* give and bequeath," indicate a present gift, at the time the will speaks, to be enjoyed in possession upon the death of the brother and sister, and the sale of the land. E. M. S. took at the death of the testatrix a vested interest in her legacy.

On bill and answer.

This bill is filed by the executors and trustees under the last will of Anna Eliza Eggman. The testatrix died in September, 1883, owning real and personal property in this state. She was a widow, and her heirs-at-law and next of kin were her brothers,. Charles H. Ellis and Simeon Ellis, and her sisters, Mary Chambers and Emily Sage.

Mrs. Eggman left a will dated January 30th, 1882, which was proven in Camden county by the executors, and letters testamentary were issued to them.

The following is a copy of the will:

"I, Anna Eliza Eggman, widow of Benjamin F. Eggman, of Camden city, late of Haddonfield, Camden county, New Jersey, being at this time of .sound and disposing mind, memory and understanding, do make and publish this as my last will and testament.

"I do hereby appoint my nephews, John M. Chambers and Theodore B. Sage, as executors and trustees of and under this my said will.

"My will is and I do hereby direct my said executors to hold my real estate in Haddonfield, New Jersey, for and during the lives of my brother Charles H. Ellis, and my sister Mary Chambers and the survivor of them, and pay the rents and profits thereof to them; and the survivor of them, deducting sufficient to pay taxes and necessary repairs and insurance, and upon the death of the said survivor to sell the same at public sale and make good and sufficient deeds for the same to the purchasers thereof.

"I give and bequeath to the trustees of the Baptist Church of Haddonfield, New Jersey, and to their successors in office forever the sum of five hundred dollars ($500), the interest whereof shall be applied to the erection of a suitable fence around the grave-yard lot of my deceased husband, Benjamin F. Eggman, and to keep the same in proper condition and repair; and likewise so to keep the graves and lot; also tombstones to such graves that may not be so provided at the time of my decease, in said lot.

"I give and bequeath to my niece Emily Meriam Sage my bed-room set, all my pictures, my best bed-room carpet, my silver spoons, knives and forks, my organ, bed, bedstead and bedding, my two best chairs and my two rocking-chairs. All my wearing apparel I give and bequeath to my sister Mary Chambers.

"After the discharge of all my debts by my executors, and the payment of all necessary expenses in the settlement of my estate, my will is that my executors, acting as trustees, shall place all my money at interest on good landed security government or state bonds and pay the interest therefrom arising to my brother Charles H. Ellis and my sister Mary Chambers, and to the survivor upon the death of one, and the whole to such survivor during life. And upon the death of the survivor of my said brother and sister, and after the sale of my real estate as hereinbefore directed, I do hereby give and bequeath all my money out in trust, and the money arising from the sale of my real estate, after the payment of proper commission and expenses to my nephews John M. Chambers, Samuel E. Chambers (children of my sister Mary), my nephews Theodore B. Sage, and my niece, Emily Meriam Sage, children of my sister Emily, unto them in equal shares and unto them and their heirs and assigns forever.

"In case the interest of the five hundred dollars $500 hereinbefore given to the trustees of the Baptist Church should be more than is needed for the purposes named, then my will is that such surplus shall be used to increase the Sunday-school library of the said Church," &c.

Emily Meriam Sage, one of the legatees, to whom, in the will, the testatrix's "money out in trust" and "money arising from sale of real estate" were bequeathed by the will, died May 10th, 1888, in the lifetime of the life tenants, Charles H. Ellis and Mary T. Chambers, or of one of them. Emily had married

Joseph K. Sharp, and left her surviving her said husband and one daughter, who has since died.

On May 10th, 1888, Emily Meriam Sharp made her will, which, on March 12th, 1889, was proven before the Camden county surrogate. By this will she gave "the share which is to come to me out of the estate of my aunt Eliza Eggman, deceased," to her surviving husband, Joseph K. Sharp.

The executors of Mrs. Eggman have converted part of her real estate into money, and hold this and other moneys of the estate and unconverted real estate for distribution.

Mrs. Eggman's executors file this bill because they are in doubt whether Emily Meriam Sharp took a vested or a contingent estate under the will of Mrs. Eggman, and whether Joseph K. Sharp, husband of Emily Meriam Sharp, received, by his wife's bequest to him, any interest in the property in their hands. They pray a decree of this court, interpreting the will of Anna Eliza Eggman, and instructing the complaining executors in respect to their duties in distributing her estate.

The defendant Joseph K. Sharp files answer, admitting the facts set out in the bill, and insisting that, by the terms of Anna Eliza Eggman's will, the share of Emily Meriam Sharp became vested in her at the time of the death of the testatrix, Mrs. Eggman; that he (the defendant Joseph K. Sharp) acquired his wife's interest under her will, and that he is entitled to receive it from the trustees. By way of cross-bill he prays that they may be required to file an account in this court, and to pay over to him the amount due to him.

The cause was heard on the pleadings without proof, but a statement of fact was agreed upon at the hearing that the executors of Mrs. Eggman had not, during the lifetime of Emily Meriam Sage Sharp, sold the real estate of the testatrix, Mrs. Eggman.

*Mr. Samuel H. Richards* and *Mr. Thomas E. French,* for the complainants.

*Mr. John F. Harned,* for the defendant Joseph K. Sharp.

GREY, V. C.

There is no gift by the testatrix in this will of the fee in the lands whereof she died seized. The direction to the executors is to hold real estate "during the lives" of testatrix's brother and sister and the life of the survivor of them, and to pay the net profits thereof to them and the survivor of them, and, upon the death of the survivor, to sell at public sale, &c.

The obvious purpose of the testatrix, by this devise, is not to pass title to the executors by a fee-simple estate, but only a control during the lives of the two named beneficiaries, at most but a life estate.

In addition to this devise to the executors of an estate during the lives of the testatrix's brother and sister, there is a gift of a power of sale, but this does not enlarge the interest previously expressly limited to a life estate into a fee. *Benz* v. *Fabian, 9 Dick. Ch. Rep. 618,* and cases there cited.

Under these circumstances the legal title to the fee of the lands of the testatrix, Mrs. Eggman, descended, upon her death, to her heirs-at-law, subject to the exercise of the power of sale created by her will, and to her disposition of the proceeds of that sale. *Gest* v. *Flock, 1 Gr. Ch. 108; Romaine* v. *Hendrickson, 9 C. E. Gr. 237.*

By the same paragraph in which the testatrix directs her real estate to be held during the lives of her brother and sister she directs the executors, upon the death of the survivor of them, "to sell the same at public sale." This express order to sell lands will, in the consideration of this court, be held to operate as a conversion, so that the lands will be deemed to have been converted into money from the time of her death. *Cook* v. *Cook, 5 C. E. Gr. 316; Dutton* v. *Pugh, 18 Stew. Eq. 429.*

The provisions of this will do not call for the application of the principle applied in *Crane* v. *Bolles, 4 Dick. Ch Rep. 381,* by which a gift of a fee will be implied where the testator directs acts to be done by the executor which belong to the owner of the freehold, and which require a complete dominion over the real estate. In this case Mrs. Eggman has expressly declared the quantity of interest which she wished her executors to take, namely, to hold during the joint lives of her brother and sister

and the life of the survivor of them. What further authority they were to exercise is also definitely expressed, and is given by way of a power and not of an estate. Where the purpose of the testatrix is so clearly expressed, there is no occasion for raising an estate by implication.

It is the duty of the executors to sell the lands under the power of sale created by the will, and not under any devise of an estate in fee to them, in trust for the purposes of the will.

The main point in dispute is whether, under the will, Emily Meriam Sharp took an estate which vested upon the death of the testatrix, or a contingent estate, capable of vesting only at the death of the survivor of the testatrix's brother and sister. If the former, then, by the gift to him in Emily's will, her husband, Joseph K. Sharp, is now entitled to her share. If the latter, then Mrs. Eggman must be held to have died intestate of Emily's share, for the latter died before the vesting period, and her share is a residuary interest, which does not survive to the others in that class.

*Hutchinson* v. *Exton, 8 Dick. Ch. Rep. 688,* is cited to sustain the view that the gift could only vest by Mrs. Sharp's outliving the survivor of the testatrix's brother and sister. But in that case the words of gift were "whatever * * * may remain at the death of my said wife * * * shall be divided between by six daughters." It will be noticed that the words directing division at the death of the life tenant are words not of present, but of future gift, so that the testator did not give anything until the time of division arrived. For the beneficiary who died before that time nothing was provided.

But in the present case Mrs. Eggman provides for her brother and sister for their lives, and then says, "and upon the death of the survivor of my said brother and sister, and after the sale of my real estate as hereinbefore directed, I do *hereby give and bequeath,*" &c., to Emily Meriam Sage, &c. She gives *hereby,* that is, by her presently speaking and operating gift, to be enjoyed upon the death of the brother and sister and the sale of the lands. The whole frame of her will shows that she had postponed the enjoyment of these residuary gifts to let in the life tenants, and that she directed the sale of her lands so that

17

her whole estate should, by her executors, be conveniently divided in money.

The case lies within that class in which the absolute property in a fund is bequeathed in fractional interests, in succession, at periods which must arrive. The interest of the first and subsequent takers in such cases vests at the same time. See the English cases collated in *1 Rop. Leg.* *584.

The same doctrine has been declared and accepted in this court, when the phrasing of the will indicates a present gift, to be enjoyed upon the happening of some future event, which must certainly take place. *Thomas' Executors* v. *Anderson's Administrator, 6 C. E. Gr. 22; Beatly's Administrator* v. *Montgomery's Executors, 6 C. E. Gr. 326.*

The same rule has been applied in the law courts. *Green* v. *Howell, 1 Vr. 326.* This case was unanimously affirmed on error (*2 Vr. 574*), where it was held to be immaterial whether the gift was through the medium of a trust or not.

The result is that the legacy to Emily Meriam Sage and others vested at the death of Mrs. Eggman, the testatrix. Upon Emily's death it passed, by her will, to her husband, the defendant Joseph K. Sharp, who is presently entitled to receive it from the executors of Mrs. Eggman.

I will advise a decree accordingly.