ESTHER R. MOORE et al.

*v.*

ANNIE E. MATTHEWS.

[Decided September 12th, 1905.]

A testator gave the income from his undivided interest in a house and lot of land to his widow during her natural life; on the death of his wife he gave that income to H. and C. during their joint and several lives; then follow these words: "On the death of the said H. and C., *my entire interest in said house,* No. 31 North Second street, Camden, N. J., to be given in fee-simple in equal parts to Amy J. Roberts and Hetty Roberts (now Moore)."—*Held,* the devise over to Amy and Hetty passed to them an estate in fee, as tenants in common, in equal shares, which vested immediately upon the death of the testator.

On bill, answer and proofs.

The bill of complaint in this case is filed by Esther R. Moore and others to quiet the title to seven undivided twenty-fourth parts of a house and lot of land on Second street, in the city of Camden, of which the complainants are in peaceable possession.

The rights of the complainants are disputed, as to those seven twenty-fourth parts, by the defendant, Annie E. Matthews.

The complainants pray that she may set forth her title, and from whom and how derived; that the rights of the parties may be ascertained and settled, and that the complainants may be decreed to have a perfect title to the undivided seven twenty-fourths in dispute, and the defendant, Annie E. Matthews, to have no interest in the premises.

The defendant, Annie E. Matthews, answers, contending that she is the owner of the undivided seven twenty-fourth parts of the premises in question. She claims that this portion descended to her as the only child and heir-at-law of one Joseph H. Brooks, a former owner thereof. She formally denies that the complainants are in peaceable possession of the premises; denies

that her claim is in anywise unjust and without foundation, and avers that she has a vested estate in fee in the undivided seven twenty-fourths interest whereof Joseph H. Brooks died seized, which was devised to Amy J. Roberts.

At the hearing the parties agreed in open court upon the jurisdictional statutory facts, that the peaceable possession of the premises is in the complainants, claiming to own the same, and that their title is disputed by the defendant, and have filed a stipulation showing the steps in the title whereby both complainants and defendant claim to be the owners of the undivided seven twenty-fourths part which is in dispute, and have submitted all the points in dispute to the decision of this court.

*Mr. E. Lawrence Dudley* and *Mr. William D. Lippincott,* for the complainants.

*Mr. John Brooks Betts,* for the defendant.

GREY, V. C.

The stipulation admits the essential facts necessary to prevent the questions of law, among others, that Joseph H. Brooks, at the time of his death, was seized in fee of seven-twelfths of the premises in question; that he died in 1879 testate. His will, dated March 28th, 1878, contained the following clauses affecting the matter here in issue:

"*Fourth.* I give, devise and bequeath to my beloved wife, Amy J. Brooks, all the income of the remainder of my estate, both real and personal, to be paid quarterly, if possible, during her natural life; this includes my interest in house No. 31 North Second street, Camden, N. J."

"*Eighth.* On the death of my beloved wife, Amy J. Brooks, the income from my interest in house No. 31 North Second street, Camden, N. J., is to be given equally to the said Hannah J. Roberts and Catharine La-Coney, during their joint natural lives, and wholly to the survivor of them, during her natural life.

"*Ninth.* On the death of the said Hannah J. Roberts and Catharine LaConey, my entire interest in said house, No. 31 North Second street, Camden, N. J., to be given in fee-simple, in equal parts, to Amy J. Roberts and Hetty Roberts (now Moore)."

"*Twelfth.* I appoint Hood S. Somers my sole executor and trustee of this my last will and testament, and authorize and empower him to sell

or dispose of any of my personal or real estate, at public or private sale, of which I may die seized, and grant and convey the same to the purchaser or purchasers, in fee-simple, without liability on the part of any purchaser to see to the application of the purchase-money."

The will contains no residuary clause.

At the time of his death Joseph H. Brooks left him surviving his wife, Amy J. Brooks; his sister-in-law, Hannah J. Roberts; his friend, Catharine LaConey; also, Hetty Roberts (now the complainant Esther R. Moore) and Amy J. Roberts, and the defendant, his daughter, Ann Elizabeth Matthews, all mentioned in his will.

It is undisputed that a life estate in the undivided seven-twelfths of the premises whereof Joseph H. Brooks died seized was by his will devised to his surviving widow, Amy J. Brooks, and that, succeeding that estate devised to the widow, another life estate was by the will devised to Hannah J. Roberts and Catharine LaConey during their joint lives and the life of the survivor of them.

In actual fact, the life devises came into effect or failed as follows:  Amy J. Brooks took her life estate on the death of the testator in 1879, and enjoyed it until her death on August 26th, 1899.

Catharine LaConey died in 1891, and Hannah J. Roberts in 1895, both during the life of the widow, Amy J. Roberts, so that the life estate devised to Hannah and Catharine and the survivor of them (which was to follow the life estate devised to Amy J. Brooks) never came into actual enjoyment in either of them.

That this was the operation of the devises for life created by Joseph H. Brooks' will, and the order of death of the life devisees, is admitted by both sides.

The essential dispute between the parties in this cause relates, not to these several succeeding life estates, but to the devise of the fee in one-half of the undivided seven-twelfths part whereof Joseph H. Brooks died seized.

At the time of Joseph H. Brooks' death, Amy J. Brooks and Hetty Roberts (now Esther R. Moore), the two devisees of the

fee mentioned in the ninth clause of his will, were both living. Hetty Roberts (now Esther R. Moore) survived all the life tenants, and is still living. There is no dispute that an undivided one-half part of the testator's seven-twelfths of the fee, namely, seven twenty-fourths, passed by this devise to Esther R. Moore, who, as stated, has survived all the life tenants.

The dispute between the parties affects only the other half part of the fee (seven twenty-fourths) whereof the testator (Joseph H. Brooks) died seized, which he devised to Amy J. Roberts. The latter died in December, 1891, eight days after the death of the life tenant Catharine LaConey, but before the death of Hannah J. Roberts, who died in 1895, or the death of the first life tenant, Amy J. Brooks, who died in 1899.

The complainant contends that under the provisions of the fourth, eighth and ninth clauses of Joseph H. Brooks' will (above quoted) Amy J. Roberts and Esther R. Moore each took an estate in fee-simple, which vested upon the testator's death, in seven undivided twenty-fourths parts of the premises in question, subject to the preceding life estates given to Amy J. Brooks and Hannah J. Roberts and Catharine LaConey.

The defendant, Annie E. Matthews, who is the only child and heir-at-law of the testator, Joseph H. Brooks, contends that by the true construction of his will the devise of the remainders to Amy J. Roberts and Hetty Roberts (now Esther R. Moore), which are manifestly estates in common, did not vest upon the death of the testator, but were contingent interests to vest in Amy and in Esther as each survived both the life tenants, Hannah J. Roberts and Catharine LaConey; that Esther R. Moore has, as to her seven twenty-fourths, survived both these life tenants, and Esther's portion has therefore vested, but that inasmuch as Amy J. Roberts died preceding the death of Hannah J. Roberts, the share in remainder devised to Amy J. Roberts failed to vest; that as there is no residuary clause in Joseph H. Brooks' will, the testator, as to the seven twenty-fourths part devised to Amy J. Roberts, died intestate, and that portion descended to the defendant, Annie E. Matthews, his only child and sole heir-at-law.

The construction of this devise must be based, as in all like cases, upon the intent of the testator, as expressed in the whole will. The defendant contends that the words of the ninth clause of the will, "On the death of Hannah J. Roberts and Catharine LaConey, the income from my interest  *  *  * *to be given* in fee-simple, in equal parts, to Amy J. Roberts and Hetty Roberts (now Moore)," are to be construed as a conclusive declaration of his intent that the gift in fee to Amy and Hetty shall not vest in them until Hannah and Catharine shall have precedently died. The defendant's counsel also insists that this view is supported by clause 12 of the will (above quoted), by which he contends that the testator, as a precaution against the fee being in abeyance, appointed a trustee and placed in him the disposition of the fee.

The defendant cites the case of *Gifford* v: *Thorn, & N. J. Eq.* (*1 Stock.*) *729,* as controlling the construction of Joseph H. Brooks' devise of the fee to Amy J. Roberts in the case at bar. *Gifford* v. *Thorn* was decided in this court by Chief-Justice Green, sitting for the chancellor. His judgment was affirmed on appeal. In that case the bequest was in these words: "I give and bequeath all the residue and remainder of my property  *  *  *  to the said W. J. T. *when he arrives at the age of twenty-one years,*" &c. Chief-Justice Green held this gift to be contingent, to vest only when W. J. T. should arrive at the age of twenty-one years.

It will be noted that the gift depended on the happening of an event which was uncertain, *i. e.,* whether W. J. T. should arrive at the named age. The case at bar is different, for the gift over to Amy J. Roberts takes effect upon an event which was certain to happen, namely, the death of Hannah J. Roberts and Catharine LaConey. The testator did not make the gift over to Amy depend on the uncertainty of her surviving Hannah and Catharine by declaring that Amy should be given the legacy in case she should survive them. He made the testing incident to be, not the life of Amy at a certain time, which was uncertain, and might have created a contingency, but the death of Hannah and Catharine, which was certain to happen.

The limitation over to Amy and Hetty is like that found in the case of *Weehawken Ferry Co.* v. *Sisson, 17 N. J. Eq. (2 C. E. Gr.) 479.* The court of errors and appeals in that case accepted Mr. Fearne's description of a vested remainder, *i. e.,*

"one that is so limited to a person in being and ascertained that it is capable of taking effect in possession or enjoyment on the certain determination of the particular estate without requiring the concurrence of any collateral contingency."

At any time that the particular estates given to Brooks' widow and Hannah and Catharine should end, Amy and Hetty were capable of taking instant possession, irrespective of any other circumstance.

If the event is uncertain, the legacy is contingent, though the time is fixed; if certain, the legacy is vested, though the time be uncertain. *Beatty* v. *Montgomery, 21 N. J. Eq. (6 C. E. Gr.) 324.* In that case the gift was, "from and after the death of my wife, I give and bequeath the principal sum of $6,000 to my sister Eliza Beatty's children." This was held to vest an estate in the children immediately on the testator's death. To the same effect is *Kinkead* v. *Ryan, 64 N. J. Eq. (19 Dick.) 454;* affirmed on appeal on this point, *65 N. J. Eq. (20 Dick.) 726; Howell* v. *Gifford, 64 N. J. Eq. (19 Dick.) 180.*

The learned Chief-Justice Green, after deciding *Gifford* v. *Thorn,* became chancellor, and pronounced the judgment in the case of *Howell's Executor* v. *Green's Administrator, 31 N. J. Law (2 Vr.) 572,* in the court of errors and appeals, which in every substantial particular resembles the case at bar. In *Howell's Executor* v. *Green's Administrator* the will gave a life estate in the interest of $1,000 to M. It then declared, "and *after her decease* I give and bequeath the said $1,000 to D. and S." It happened that D. survived the testator, but predeceased M. · The question was whether the gift over to D. *"after the decease"* of M. should be construed to have vested at the death of the testator, whom she survived, or to have been contingent upon D.'s living until after the decease of M., which D. did not do.

The learned chancellor referred to the decision of *Gifford* v.

*Thorn,* which declares that a gift "at" or "when" or "after" a given event occurs vests only upon the happening of the event, but declared the rule to be equally well established that where in the whole will it appears that an absolute property is given in fractional interests in succession, at periods which must arrive, the interests of the first and subsequent takers will vest together. He repeated with approval the illustration of the court below, which held that the language of the Howell will was equivalent to saying, "I give this $1,000 to my sister and her two children, she to have it during her life, they to have it after her death."

This decision of the court of errors and appeals fits the circumstances of the case at bar, and controls this case. The testator by the whole will shows that he intended to dispose of his entire estate in the Second street house to the named beneficiaries, to be enjoyed by them in succession. Nothing in the will indicates any purpose to create a contingency, as to the fee, which might defeat the estate given over to Amy and Hetty. There is no specification of any uncertain event on the happening of which the fee should go over to some other persons than Amy and Hetty.

The defendant refers to the twelfth clause of the will, which appoints the executor and trustee of the will and authorizes him to sell any of the real estate, as showing a purpose on the part of the testator to preserve the fee while it might be in abeyance, and the defendant suggests that this indicates an intent that the gift over to Amy and Hetty was to be contingent.

I am unable to perceive that the twelfth clause indicates any other intent than it expresses. It vests no title in the executor and trustee. While it authorizes him to sell, it does not order him to do so. Nothing in any of the dispositions made of the testator's interest in the Second street house contemplates a sale of it under any contingency. Nor does the will anywhere direct what disposition shall be made of the proceeds of any sale that the executor may make under the power given him. If there be enough personal property to pay the testator's debts, the legacies and expenses of settlement, the executor would not be permitted to exercise such a mere naked power in order to divest the estate

either of a devisee or of the heir in the lands. *Brearley* v. *Brearley, 9 N. J. Eq. (1 Stock.) 21.*

Another principle of construction set forth in the case of *Howell* v. *Green, ubi supra* (at *p. 573*), supports the view that the limitation over to Amy and Hetty is a vested devise. It is there declared that where it is apparent, from the terms of the will, that the future gift is postponed to let in some other interest, that gift is vested.

The court of errors and appeals, in *Post* v. *Herbert's Executor, 27 N. J. Eq. (12 C. E. Gr.) 543,* recognizes the rule contended for by the defendant that a gift to take effect in .A "at" or "when," &c., is *prima facie* contingent, but clearly demonstrates that if, from the whole will, it appears that the gift over is only postponed to let in the earlier interests, then the gift over is vested, notwithstanding the enjoyment of it may be postponed.

In the case at bar the obvious primary purpose of the testator was to see that his widow had an income during her life; that his friends Hannah and Catharine should, during their joint and several lives, have the income from the Second street house, and that all the rest of the testator's interest in that property should go to Amy and Hetty. He gave no indication of any intent that Amy and Hetty's estate in the property should depend on any contingency, if the widow and Hannah and Catharine should, because of their death, have no further use for it. He plainly postponed Amy and Hetty's enjoyment of it in order to let in the earlier interests of his widow, Hannah and Catharine, and for no other reason.

Taking all the provisions of the will of Joseph H. Brooks into consideration, it must be held that the undivided seven twenty-fourths of the fee in the Second street house devised to Amy J. Roberts was a vested interest.

A decree to that effect will be advised.