The bill in this cause is filed for the construction of the will of John Hicks, of the city of Long Branch, New Jersey, dated the 14th of March, 1910, with a codicil thereto which need not be considered.
The decedent left him surviving his widow, and, as his heirs-at-law and next of kin, Percy D. Hicks, a son; Leon Hicks, a son; Elena M. Hicks, a daughter, and Joseph Hicks, a son. In the second, third and fourth paragraphs of the will he gave certain legacies to his wife for her benefit, and also for the benefit of his daughter, Elena, and his son Joseph, who were infants.
The fifth paragraph of the will, which requires construction, is as follows:
"Fifth. I will devise and bequeath to my brother, Martin D. Hicks, the following described real property: All that certain tract of land situate and lying on the southwestern corner of Broadway and Academy alley, in the city of Long Branch, New Jersey, known as the Hicks Building, at No. 188-190 Broadway, together with all buildings thereon situate. In trust, however, to receive the income from said property and pay moneys for the upkeep of said property, the residue or remainder thereof to be equally paid and divided between my two sons, Percy D. Hicks and Leon Hicks, until my said son Leon Hicks shall arrive at the age of thirty years, at which time I give, devise and bequeath to my said sons, Percy D. Hicks and Leon Hicks, said real property as tenants in common."
At the time this will was made Percy was twenty-one years of age and Leon seventeen. Leon attained the age of thirty years December 17th, 1923. Percy died on September 1st, 1918, aged twenty-nine years, before Leon had attained the age of thirty. Percy left him surviving his widow, Marion, and a son, John. Percy died testate, giving two-thirds of his estate to his son and the other third to his wife, Marion.
The will of John Hicks contains no residuary clause.
It is contended by the heirs-at-law that the devise to Percy and Leon created an estate on condition, which would not vest in Percy unless he was living when Leon attained the age of thirty years, and, as Percy died prior thereto, the *Page 94 
devise lapsed and passed to the heirs-at-law. On the other hand, it is contended by the widow and child of Percy Hicks that the estate vested on the death of the testator.
If the language of the will "at which time" (referring to Leon's attaining thirty years) "I give, devise and bequeath to my said sons, Percy D. Hicks and Leon Hicks, said real property as tenants in common" stood alone, I would incline to the view that the estate was contingent. But it does not. The will gives to Martin Hicks, as trustee, the premises in question "to receive the income from said property and pay the moneys for the upkeep of said property, the residue and remainder thereof to be equally paid and divided between my two sons, Percy D. Hicks and Leon Hicks, until my said son Leon shall arrive at the age of thirty years." Thus, all the income from the property, from the date of the testator's death down to the time when Leon reached the age of thirty years, was payable to these two sons, and, upon his reaching thirty, then the trust, under the will, would cease, and Percy and Leon were to take absolutely.
The plain intent of the testator, in this paragraph, was to give this property to his two sons as tenants in common, suspending their right to manage the same until Leon reached the age of thirty years.
The rule deducible from the English authorities is that if language in a will, standing alone, would make the legacy contingent, yet if the will also provides that the legatee should receive the income from the legacy until the period had arrived when the legatee would take, then the legacy vests in the legatee from the time of the death of the testator, subject to the control of the trustee until the time of payment arrives.Hanson v. Graham, 6 Ves. Jr. 239; 31 Full Eng. Repr. 1030;Goodtitle v. Whitby, 1 Burr. 228; 97 Full Eng. Repr. 287; Lane
v. Goudge, 9 Ves. Jr. 225; 32 Full Eng. Repr. 589; Stapleton v.Cheales, Prec. Ch. 318; 24 Full Eng. Repr. 150; Fondereau v.Fondereau, 3 Atk. 645; 26 Full Eng. Repr. 1171; Dodson v. Hay,3 Bro. C.C. 405; 29 Full Eng. Repr. 611; In Re Hart's Trust, 3DeG. J. *Page 95 195; 44 Full Eng. Repr. 1243; Boraston's Case, 3 Co. 19; 76 FullEng. Repr. 668. This is also the rule in other states. Fuller
v. Winthrop, 3 All. (Mass.) 51; Warner v. Durant, 76 N.Y. 134.
Counsel for complainant cites Gifford v. Thorn, 9 N.J. Eq. 702,
to support the theory that the estates devised to Leon and Percy were contingent and not vested. The will in that case is as follows:
"I give and devise all the residue and remainder of my property, both in England and America, of every kind and description whatever, to the said William Jauncey Thorn when he arrives at the age of twenty-one years, to him and his heirs forever."
This clause clearly created a contingent estate. Chief-Justice Green, who sat for the chancellor, said (on p. 708): "In the present instance there is no severance of the legacy from the rest of the estate, and no appropriation of the interest to the separate benefit of the legatee; on the contrary, the whole estate, real and personal, is vested in the hands of trustees, who are to receive the entire interest, rents and profits for the general purposes of the will. The legatee is to receive, not the interest on the residuary legacy, but a maintenance and education from the general fund, in common with the other children of Jane Mary Thorn. Such a disposition of the estate can raise no presumption of any intention on the part of the testator that the legacy should vest immediately." In his opinion the chief-justice dealt with a great number of English cases (some of which are above cited), and said (at p. 708): "Where the interest of the legacy is directed to be paid to the legatee until he receive the principal, or where the legacy is placed in the hands of trustees for the exclusive benefit of the legatee until it is directed to be paid over, the legacy will be deemed vested." The case was affirmed on appeal.
The clause in question in this case comes clearly within the rule laid down in the last clause above referred to in Gifford
v. Thorn, supra. The testator set apart the premises in question, in which he had carried on his jewelry business *Page 96 
for the benefit of his two sons, Percy and Leon. He devised the same to his brother Martin, in trust, until Leon should arrive at the age of thirty years, and, in the meantime, directed him to receive the income from the property and pay moneys for the upkeep of the same, and the residue or remainder thereof to pay and divide equally between his two sons, Percy and Leon; and then, when Leon attained the age of thirty years, he gave, devised and bequeathed to Percy and Leon the said real estate as tenants in common.
Here we have a situation which complies with every condition required to vest the estate. There was the property separated and taken from the mass of his estate, conveyed to a trustee to pay all the net income derived from the property to Percy and Leon until Leon reached the age of thirty years, and then he devised the property to Percy and Leon.
The case of Gifford v. Thorn, therefore, is against the theory of the complainant. See, also, Post v. Herbert'sExecutors, 27 N.J. Eq. 540; Moore v. Matthews, 70 N.J. Eq. 373.
Another circumstance which tends to the above conclusion, based upon the intention of the testator, is the fact that the will contains no residuary clause, and the presumption is that the testator did not intend to die intestate; and the will was drawn by a scrivener who evidently was not well versed in the law of wills. See Aitken v. Sharpe, 93 N.J. Eq. 336 (at p. 346).
I will advise a decree that, under the terms of the will, Percy and Leon took vested estates, and that upon Percy's death his one-half interest passed to his heirs or devisees, with the right of possession when Leon attained the age of thirty years. *Page 97