By her will, Mary N. Shotwell gave her estate to her executors in trust to pay over a third to each of her two sons and —
"Third. To retain and hold in trust for my granddaughter, Rita May Demarest, one-third of my estate and to dispose of the same as hereinafter directed.
"First. To sell the whole or any part at their discretion, and to invest and re-invest the same in some safe security at interest, and from time to time add the interest to the principal sum, until my granddaughter arrives at the age of twenty-five years, when the principal sum is to be paid her, or her legal representatives.
"Second. To use from time to time so much of the income as they see best, for the benefit of my said granddaughter during her minority [it being my intention that her father shall support and educate her during her minority if he is able to do so in proper manner].
"Third. On the arrival of my granddaughter to the age of twenty-one years to pay her the net income of the funds held in trust for her.
"Fourth. On the arrival of my granddaughter to the age of twenty-five years, I authorize my executors to continue to hold the principal sum for the further term not to exceed ten years, if they deem it for the best interest of my said granddaughter, and to pay her the net income therefrom.
"Fifth. In case my granddaughter should die before she shall receive the funds held in trust, leave minor children, then the income may be used for their support and their education during their minority.
"Sixth. In case of the death of my granddaughter before receiving the estate held in trust for her, and without leaving any lawful issue, and upon arriving at the age of twenty-one years, I then order and direct the funds held so in trust, be paid or transferred to my sons or their legal representatives, each of my sons taking half."
Rita May Demarest Gifford died at the age of twenty-one, intestate, survived by her husband and a son. The substituted trustee asks direction as to whom to pay the Rita May Demarest share. He is advised and directed that the share vested in Rita May Demarest at the death of the testatrix — the enjoyment of the gift being postponed; that the gift was to be defeated only if she died without issue, before *Page 413 
receiving the estate, and, as this did not happen, it is presently payable to her estate — to her administrator. The applicable rules of construction may be found in Gifford v.Thorn, 9 N.J. Eq. 702; Wurts v. Page, 19 N.J. Eq. 365; Denise
v. Denise, 37 N.J. Eq. 163; Howell v. Gifford, 64 N.J. Eq. 180; Trenton Trust and Safe Deposit Co. v. Moore, 83 N.J. Eq. 584; Fidelity Union Trust Co. v. Rowland, 99 N.J. Eq. 72;Hicks v. Hicks, Ibid. 92.
Her husband has made over his interest in her estate to their infant son. There are no debts. The fund will be paid to the infant's guardian. It would be sheer formality to pay it to the donee's administrator only to be by him handed over to the guardian.