### COX v. RUSLING.

No. 5879.

Circuit Court of Appeals, Third Circuit.

Sept. 10, 1936.

Rehearing Denied Nov. 9, 1936.

Wm. M. & Thomas R. Clevenger, of Atlantic City, N. J., for appellant.

Backes & Backes and Peter Backes, all of Trenton, N. J., for appellee.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court dismissing the appellant's bill of complaint.

Gershom Rusling died on February 5, 1881, leaving two sons, William Henry Rusling and James F. Rusling, and a granddaughter, Eliza R. Bray, who is known in this case as Eliza B. Cox. In the fourth paragraph of the will of Gershom Rusling a trust was created in the following words: "Fourth. I give and bequeath to my executors the sum of Five Thousand Dollars ($5,000) in trust to safely invest the same, for the benefit of my granddaughter Eliza R. Bray, on Bond and Mortgage (First Mortgage), on improved real-estate, worth at least double the amount of the said mortgage, and the interest thereof in the discretion of my executors to be applied for the best advantage of my said granddaughter during her minority, and until her marriage, and lawful issue be born of her body, and said issue attains the age of two years, when the said principal sum and all unappropriated interest thereon shall be paid to her, for her sole and separate use, with power to bequeath the same, or if invested by her in real estate with power to mortgage, sell, convey, de-

vise, and bequeath the same, with or without the consent of her husband, unless my executors should deem it to her advantage to pay the same to her sooner, after she arrives at the age of twenty-one years. But should she not live to the age of twenty-one years, or after that age should she die, without lawful issue as aforesaid, before the said legacy shall be paid her, then it is my will and I do direct, that the sum of Five Thousand ($5,000), invested for her benefit as aforesaid shall be equally divided between my sons, William Henry Rusling and James F. Rusling, the representatives of either deceased one to be entitled to the share his or her or their parent would have received, if then living."

William H. Rusling and James F. Rusling duly qualified as executors and trustees under the will of Gershom Rusling. At the time of the death of Gershom Rusling, Eliza Bray was in her seventeenth year. At the age of twenty years she married William H. Andrews, from whom she obtained a divorce four years later. A child was born of this marriage but died within seven weeks of its birth. About a year and a half after her divorce she remarried. Her second marriage, to William Cox, was childless, but lasted throughout her lifetime. She died on October 22, 1932, at the age of sixty-nine years leaving her husband her sole executor, legatee, and devisee. Both William H. Rusling and James F. Rusling predeceased Eliza Cox. William left no issue, but James left two sons, one of whom, James W. Rusling, qualified as successor trustee and is the appellee in the present appeal. Though Eliza Cox received the income of the trust throughout her entire life, the principal was never transferred to her.

On May 8, 1934, William Cox filed a bill of complaint in which he sought to be declared the owner of the trust fund, and prayed that the defendant, James W. Rusling, account to him for the principal and income from said trust fund, and "that the defendant be decreed to pay to the complainant as executor and sole devisee of Eliza B. Cox, the sum of $5,000, and the accumulations thereon."

Judge Forman of the District Court dismissed the bill of complaint and held that the estate of Eliza Cox was vested subject to divestment upon her death without having had a child who had reached the age of two years, or without having received the principal of the trust under the discretionary powers granted to the trustees; that the estate of Eliza Cox, née Eliza R. Bray, was divested upon her death since she had not fulfilled the above-mentioned conditions; and that therefore William Cox was not entitled to the relief which he sought in the bill. From the order dismissing the bill, this appeal was taken.

Though the legal title of the estate was given to trustees, the gift is deemed in equity to have been made to the cestue que trust. Traverso v. Traverso, 99 N.J.Eq. 514, 133 A. 705, affirmed in Traverso v. McMillin, 101 N.J.Eq. 308, 137 A. 919. Where the beneficiary is also given the income until the time that the corpus is to be paid, the estate is deemed to have become vested on the death of the testator. Fidelity Union Trust Co. v. Rowland, 99 N.J.Eq. 72, 132 A. 673; Hicks v. Hicks; 99 N.J.Eq. 92, 132 A. 857, affirmed in 100 N.J.Eq. 346, 134 A. 917; Traverso v. Traverso, supra. The mere fact that the gift of the principal was postponed until some future date does not alter the fact that the estate was vested. Martin v. Gifford, 101 N.J.Eq. 411, 138 A. 103. It is, therefore, evident that the estate created by the will of Gershom Rusling by the fourth paragraph of his will, as above stated, vested in Eliza Cox upon his death.

The conclusion of the District Court that the estate in Eliza Cox, though vested, was subject to be divested if she did not fulfill certain conditions is clear from the provision in the will which reads, in so far as it is applicable, as follows: "But should she not live to the age of twenty-one years, or after that age should die, without lawful issue as aforesaid, before the legacy shall be paid to her, then * * * the sum * * * shall be equally divided between my sons. * * *" Martin v. Gifford, supra.

The appellant, however, contends that even though he is not entitled to the entire estate, nevertheless he is entitled to one-half of the estate which he claims vested absolutely in his deceased wife on the death of William Rusling without issue. This contention is based upon the combined effect of two rules of construction. The first is that when the word "issue" is qualified by the word "child" then "issue," though ordinarily of a much broad-

er meaning, is interpreted to mean "child." Pierson v. Jones, 108 N.J.Eq. 453, 155 A. 541, affirmed in 111 N.J.Eq. 357, 162 A. 580. In applying the above rule of interpretation the appellant claims that when the word "representative" is qualified by the word "parent" as in the present case, then the word "representative" should be interpreted as meaning "child." Thus, the gift over would read: "The sum * * * shall be equally divided between my sons * * * the children of either deceased one to be entitled to the share his or her or their parent would have received, if then living." The second rule is that when a gift over which depends upon the divesting of a prior vested estate becomes impossible of performance, the prior estate becomes vested absolutely. Van Middlesworth v. Schenck, 8 N.J. Law, 29; Patterson v. Madden, 54 N.J. Eq. 714, 36 A. 273; Dusenberry v. Johnson, 59 N.J.Eq. 336, 45 A. 103; 2 Washburn on Real Property, 344, 345; 2 Powel on Devises, 241; 40 Cyc. 1594. The appellant concludes that since William died without having had any children, the gift of an equal share in the trust to him and his children could not be carried out, and that, therefore, the one-half of the estate which would have gone to William and his children, upon his death vested absolutely in Eliza.

The difficulty with this position is that artificial rules of construction are to be used only where the intent of the testator is not clear, but when it is clear, it must control. Gifford v. Thorn, 9 N.J.Eq. 702; Chambers v. Sharp, 61 N.J.Eq. 253, 48 A. 222; In re Collins' Estate, 99 N.J.Eq. 333, 133 A. 188; Traverso v. Traverso, supra; Smith v. Sweetser, 19 F.(2d) 974 (C.C.A.7); 69 Corpus Juris, p. 597, par. 1680. The intention of the testator in the present case is clear from the provisions of the will itself. Eliza, the testator's granddaughter, was clearly the primary object of the testator's bounty in this legacy. She was to receive the income of the trust throughout her life and the principal if she was blessed with a child that should reach two years of age, or sooner if the trustees should deem it to be to her advantage. However, if she did not receive the principal, it is equally clear from the will that the testator intended that his sons and their children were to be the next objects of his bounty. The very fact that the testator provided that if Eliza

received the principal of the trust it was hers to enjoy without interference of any kind from her husband, emphasizes the fact that his descendants, and not strangers to his blood, were the ones whom he intended to benefit by his will.

The order of the District Court is affirmed.