CAMDEN TRUST COMPANY, TRUSTEE UNDER THE LAST WILL AND TESTAMENT AND CODICIL THERETO OF LEON M. LEOPOLD, DECEASED, PLAINTIFF, v. HELEN C. LEOPOLD, HELEN MITZI LEOPOLD SMITH, JEROME SHOENBERG, INDIVIDUALLY AND AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF EMMA SHOEN- BERG, DECEASED, AND ARTHUR L. SHOENBERG, DE- FENDANTS.

Superior Court of New Jersey
Chancery Division

Decided June 26, 1953.

Mr. *Frank S. Norcross* for plaintiff (*Messrs. Norcross & Farr*, attorneys).

Mr. *F. A. DeMaris, Jr.*, for defendants Jerome Shoenberg, individually and as administrator of the estate of Emma Shoenberg, deceased, and Arthur L. Shoenberg.

HANEMAN, J. S. C. This suit concerns the construction of the codicil of the will of Leon M. Leopold.

Leon M. Leopold died October 15, 1923 leaving a last will and testament and a codicil thereto, which codicil reads as follows:

"NINTH. All the rest and residue of my estate, whether real, personal or mixed, whatsoever and wheresoever situate, that I may die seized and possessed of and entitled to including the proceeds arising from any sale or sales of real estate hereinafter authorized, after the payment of my just debts, funeral expenses and legacies aforesaid, I give, devise and bequeath unto Camden Safe Deposit & Trust Company of Camden, New Jersey, in trust to invest and reinvest the same from time to time and to pay the net income thereof monthly to my wife in case she survives me, and as long as she remains unmarried and in case she remarries, then to pay to her monthly, one-third of said net income during the term of her natural life, and the other two thirds to my said sister, in

case the latter survives me, and in case my sister does not survive me, then to pay the said two-thirds to her two sons, Arthur L. and Jerome M. Shoenberg, share and share alike; and in case my said wife does not survive me or in case she does survive me, then at her death, I hereby direct my said Trustee to pay over one-third of the whole of the residue of my estate, including any accumulations of income then on hand, to Helen M. Leopold, the daughter of my wife by a former husband and pay over the remaining two-thirds of the whole of the residue of my estate to my said sister in case she survives me, and in case my said sister does not survive me, then to pay over said two-thirds to her two sons, Arthur L. and Jerome M. Shoenberg, share and share alike. In case Helen M. Leopold does not survive me, then I hereby direct my said Trustee to pay over the whole of the residue of my estate to my sister, in case she survives me, and in case my said sister does not survive me, (the said Helen M. Leopold predeceasing me) then to pay over to her two sons, Arthur L. and Jerome M. Shoenberg, the whole of the residue of my estate, share and share alike; and it is my will and intention that my said Trustee shall have full power and authority to invest and reinvest the said residue in good real estate securities and in stock, bonds or such other securities as they shall deem proper."

The designated beneficiaries will be herein referred to by their relationship to the testator.

The testator was survived by his widow, step-daughter, sister and nephews. The sister died intestate on August 15, 1927 and her son Jerome was appointed administrator. Administration of her estate has been completed and all debts and taxes have been paid. The widow remarried on August 15, 1950. The widow, step-daughter and nephews are still living.

Under the above facts, the primary questions propounded are: (1) to whom is the two-thirds of the income, payable to the sister on the widow's remarriage, to be paid, and (2) may any portion of the *corpus* be now distributed? As a secondary question, the plaintiff requests instructions as to whom such payments are to be made.

Counsel for all parties are in accord that the gift to the sister of two-thirds of the income was a contingent estate in remainder, conditioned upon the remarriage of the widow, and that the death of the sister prior to such remarriage defeated this gift over. They argue that the will created a

gift of a legacy contingent upon the occurrence of an event which is uncertain of happening, and cite those cases which hold that the gift to a person of a future interest on the happening of an uncertain event, with the words "at," "on," "when," or similar expressions attached to the happening of the event makes the gift *prima facie* contingent and the donee's right to enjoyment dependent upon whether he is alive at that specific time.

Taken out of the context and standing alone, the words "then to pay" might have the effect argued by counsel under the well-recognized rule of construction, above referred to. However, like all other rules that serve to indicate the intention of the testator, it must yield to the structure and context of the legacy and the other provisions of the will. *Fidelity Union Trust Co. v. Rowland*, 99 N. J. Eq. 72 (*Ch.* 1926).

If we were to accede to the correctness of counsel's argument we could find ourselves in this anomalous position: Had the sister predeceased the testator, there can be no doubt that her named sons would now be entitled to the income of two-thirds of the estate, the widow having remarried; but since, as actually occurred, she survived the testator but died before the remarriage of the widow, the sons would be barred from taking. It would then follow that since the sister lived a longer period of time than required and prescribed in the will, she defeated the contingent estate of her sons, which latter estate became fixed upon her survival of the testator. Clearly, this was not the testator's intention. He desired all interests vested and determined upon his death.

Basically, the inquiry concerns itself with whether the gift of the income to the sister was contingent and required her surviving the remarriage of the widow, or whether because the *corpus* was vested the gift of the income was also vested.

Since the sister survived the testator, in the light of the conclusions which follow, any reference in the will to alternative provisions concerning her failure to survive the testator may be ignored. The conclusions here arrived at will there-

fore treat the problem in such fashion, and reference to the survival of the sister will be made with such occurrence in mind.

 Though the legal estate is given to trustees, the gift is deemed in equity to have been made to the *cestui que trust*. *Traverso v. Traverso*, 99 *N. J. Eq.* 514 (*Ch.* 1926), affirmed *Traverso v. McMillin*, 101 *N. J. Eq.* 308 (*E. & A.* 1927); *Speth v. Speth*, 8 *N. J. Super.* 587 (*Ch. Div.* 1950).

> "A vested remainder is defined as one to which there is a present right to future enjoyment of property though that enjoyment is postponed until the expiration of a prior estate."
>
> "It is the uncertainty of the right to enjoyment and not the uncertainty of actual enjoyment that renders a remainder contingent."

*Cody v. Fitzgerald*, 2 *N. J.* 93 (1949).

 Where a beneficiary is given the income until the time that the *corpus* is to be paid to him, the legacy is deemed vested at the death of the testator. The whole interest in the fund is given to and for the benefit of the sister. It is split into two parts. Until one period, it is given to the trustee, and at the other it is given to the legatee. Since the whole interest is given to and for the benefit of the legatee, it could not be testator's intention to make it contingent. The conditional words were annexed to the payment and not to the gift of the legacy. *Hicks v. Hicks*, 99 *N. J. Eq.* 92 (*Ch.* 1926), affirmed 100 *N. J. Eq.* 346 (*E. & A.* 1926); *Fidelity Union Trust Co. v. Rowland*, 99 *N. J. Eq.* 72 (*Ch.* 1926); *Traverso v. Traverso*, 99 *N. J. Eq.* 514 (*Ch.* 1926), affirmed *Traverso v. McMillin*, 101 *N. J. Eq.* 308 (*E. & A.* 1927); *Cox v. Rusling*, 86 *F. 2d* 236 (*C. C. A.* 3 1936).

In *Hicks v. Hicks, supra*, the court said:

> "The rule deducible from the English authorities is that if language in a will, standing alone, would make the legacy contingent, yet if the will also provides that the legatee should receive the income from the legacy until the period had arrived when the legatee would take, then the legacy vests in the legatee from the time of the death of the testator, subject to the control of the

trustee until the time of payment arrives. *Hanson v. Graham*, 6 *Ves. Jr.* 239; 31 *Full Eng. Repr.* 1030; *Goodtitle v. Whitby*, 1 *Burr.* 228; 97 *Full Eng. Repr.* 287; *Lane v. Goudge*, 9 *Ves. Jr.* 225; 32 *Full Eng. Repr.* 589; *Stapleton v. Cheales, Prec. Ch.* 318; 24 *Full Eng. Repr.* 150; *Fondereau v. Fondereau*, 3 *Atk.* 645; 26 *Full Eng. Repr.* 1171; *Dodson v. Hay*, 3 *Bro. C. C.* 405; 29 *Full Eng. Repr.* 611; *In re Hart's Trust*, 3 *DeG. & J.* 195; 44 *Full Eng. Repr.* 1243; *Boraston's Case*, 3 *Co.* 19; 76 *Full Eng. Repr.* 668. This is also the rule in other states. *Fuller v. Winthrop*, 3 *All (Mass.)* 51; *Warner v. Durant*, 76 *N. Y.* [133] 134."

The testator clearly demonstrated an intention to divide his estate into two fractional shares. One of these he desired should ultimately vest in those of his widow's blood and the other in those of his own blood. It is noteworthy that his widow was to receive the income for life from one-third of the residue, with remainder to her daughter, and that his sister was to receive (upon remarriage of the widow) the income from two-thirds of the residue *corpus* during the life of the widow, with remainder to the former.

Paraphrased, the will provided that the widow should take a life estate in a one-third fractional share of the residue with the ultimate remainder to her daughter and a determinable life estate (earlier determinable upon her remarriage) in a two-thirds fractional share of the residue, with the ultimate remainder to testator's sister, provided, however, that if said latter life estate were terminated by remarriage of the widow, then the distribution to the sister was suspended for the lifetime of the widow, the sister, however, receiving the income during this period of time.

The remainder of two-thirds of the *corpus* was vested in the sister at testator's death. Since she was to receive the income therefrom until the appointed time for the distribution of the *corpus*, her death prior to such appointed time postpones distribution of the *corpus* to the date of the widow's remarriage.

The provision here made for the payment of the income to the widow or the sister was merely intended to postpone the enjoyment of the *corpus* of the gift. Upon the death or remarriage of the widow, in the light of the sister's survival

of the testator, as provided in the will, and her death prior to the widow's decease, two-thirds of the income should be paid to the sister's representatives (nephews), and two-thirds of the *corpus* should be distributed to the said representatives upon the widow's death. *Hicks v. Hicks, supra.*

The nephews, the representatives of the sister, have requested that payment be made directly to them without requiring the appointment of an administrator for her estate for the purpose of receiving such payment. It appearing from the stipulation that the administration of the sister's estate has been completed and all taxes and debts due therefrom having been paid, payment and ultimate distribution may be made directly to her sons as her next of kin and heirs at law without the appointment of an administrator. *In re Woodruff*, 134 *N. J. Eq.* 299 (*Ch.* 1944); 6 *New Jersey Practice* (*Clapp, Wills and Administration*), sec. 370, p. 229.

Judgment will be entered consistent with the foregoing.