HELVERING, Commissioner of Internal Revenue, v. ST. LOUIS UNION TRUST CO. et al.

No. 10016.

Circuit Court of Appeals, Eighth Circuit.

Jan, 17, 1935.

Maurice J. Mahoney, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

Daniel N. Kirby, of St. Louis, Mo. (Arthur B. Shepley, Jr., and Nagel, Kirby, Orrick & Shepley, all of St. Louis, Mo., on the brief), for respondents.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review an order of redetermination of estate taxes made by the Board of Tax Appeals. 28 B. T. A. 107.

The question presented is whether the interest of a decedent in the corpus of a trust created by him should be included in his gross estate as a transfer "intended to take effect in possession or enjoyment at or after his death," under section 302 (c) of the Revenue Act of 1924, c. 234, 43 Stat. 253, 304 (26 USCA § 1094 note).

The essential facts are these: William J. Orthwein, a citizen of the United States residing in Switzerland, died testate September 4, 1925. The respondent St. Louis Union Trust Company, as successor trustee to Liberty Central Trust Company, is the sole residuary legatee under his will. On January 1, 1920, the decedent had created a trust primarily for the benefit of his daughter, who was then 29 years of age, married, and living in Peru. He transferred various of his securities to the Mercantile Trust Company, of St. Louis, Mo., as trustee, to manage, invest, and reinvest the principal thereof, and to pay the income therefrom to his daughter during her lifetime. Upon the death of the daughter, if the grantor was then living, the trust property was to revert to him. If he was not then living, the trust was to continue for the benefit of his wife if she were living.

In case neither the grantor nor his wife was living at the time of the daughter's death, the trust was to continue for the benefit of the daughter's children, if any, during their minority, and the trust property was to be divided between them as they became of age. In case of the death of all of the designated beneficiaries prior to the termination of the trust, the trust property was to go to those who were appointed to receive it by the daughter's will, or, if she left no will, to the next of kin of the grantor.

The trustee was given power to terminate the trust "at such time as the trustee may deem it wise that the trust be terminated." If the trustee should terminate the trust during the lifetime of the grantor, the trust property was to revert to him. If the trust was terminated after his death, the property was to go to the daughter if living; if not living, to her children; and, if there were no living children, then to the grantor's next of kin. The trust instrument recited that it was the desire of the grantor to make for his daughter, as the life beneficiary of the trust, "an absolute and irrevocable gift and settlement" of the trust property, "so that the grantor shall during the life of his said daughter have no further individual or beneficial interest therein."

The trust was not made in contemplation of death. It was not terminated by the trustee during the lifetime of the decedent. The daughter survived the decedent, the trust still continues for her benefit, and the respondent Mercantile-Commerce Bank & Trust Company has succeeded the Mercantile Trust Company as trustee.

At the date of the decedent's death, the trust estate was of the value of $101,421.24, and the value of the reversionary interest therein, subject to the life estate of the daughter, was agreed to be $34,544.06. The Commissioner of Internal Revenue added to the gross estate of the decedent the value of the reversionary interest in the trust, which resulted in a deficiency in estate taxes. On appeal, the Board held that such interest was no part of the estate. Hence this petition to review.

The theory of the petitioner is that the decedent, in creating the trust, had reserved to himself a substantial interest in the trust property in the nature of a vested remainder, and that, since his death had the effect of making available to others this interest which might have reverted to him during his lifetime, the value thereof was proper-

ly taxable as a part of his estate, in view of Klein v. United States, 283 U. S. 231, 51 S. Ct. 398, 75 L. Ed. 996.

The Klein Case dealt with a deed wherein the grantor had conveyed a life estate in real property to his wife, expressly reserving to himself the fee, which was to "remain vested in said grantor" in the event that the grantee "shall die prior to the decease of said grantor," but was to pass to the grantee if she survived the grantor. The court said (page 234 of 283 U. S., 51 S. Ct. 398, 399): "It is perfectly plain that the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed."

Had the decedent in the case at bar retained the legal title to all of the trust property, and had he provided that, upon his death, and not before, such title should pass to his daughter or to others or to a trustee for her or their benefit, the situation would be comparable to that in the Klein Case; but here the decedent parted with the legal title to the trust property and to all beneficial interest therein during the life of the trust, and did so irrevocably. It was only in the case of the happening of certain contingencies over which he had no control that the property would revert to him. One of these contingencies was the death of his daughter prior to his death, while the trust still continued; and the second was a termination by the trustee of the trust during the lifetime of the grantor. Neither of these contingencies occurred, and there was, during the decedent's lifetime, nothing more than a possibility that either would occur. In no proper sense was there an enlargement of the interests of the beneficiaries of the trust resulting from the death of the decedent. That event merely changed the possibility that the property would revert to him into an impossibility. The distinction between the Klein Case and this case, as we see it, is that in the former the legal title was retained by the grantor and passed to the grantee with the grantor's death, while here the grantor parted with the title and all beneficial interest in the property, and retained no right with respect thereto that would pass to any one as the result of his death. In the Klein Case death was the generating source of title, while in this case the trust instrument was the source of title, and death merely destroyed a possibility that the trust property might revert to the grantor.

The conclusion which the Board reached appears to be fully sustained by the following cases: Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397; May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244; McCormick et al. v. Commissioner, 13 B. T. A. 423, reversed in Commissioner v. McCormick et al. (C. C. A. 7) 43 F.(2d) 277, but affirmed per curiam in McCormick et al. v. Burnett, 283 U. S. 784, 51 S. Ct. 343, 75 L. Ed. 1413; Duke v. Commissioner, 23 B. T. A. 1104, affirmed in Commissioner v. Duke (C. C. A. 3) 62 F.(2d) 1057, and in Helvering v. Duke, 290 U. S. 591, 54 S. Ct. 95, 78 L. Ed. 521, by an equally divided court; Wallace v. Commissioner, 27 B. T. A. 902, affirmed in Commissioner v. Wallace (C. C. A. 2) 71 F.(2d) 1002.

The decision of the Board is affirmed.