Thomas E. Wells, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 78829. Promulgated April 10, 1936.

*Thomas M. Wilkins, Esq.*, for the petitioner.
*Lewis S. Pendleton, Esq.*, for the respondent.

### OPINION.

ARUNDELL: The respondent has determined a deficiency in gift tax under the Revenue Act of 1932 in the amount of $601.06. The petitioner alleges error in the respondent's determination that three gifts were transfers of future interests in property and in failing to exclude from the amount of each gift the sum of $5,000. The facts were stipulated.

The petitioner is an individual, a citizen and resident of the United States. On December 27, 1933, he created three irrevocable trusts, one for each of his three minor children. Thereafter, but within

the calendar year 1933, he transferred, without any valuable consideration whatsoever, to each of the three trusts his entire right, title, and interest in and to certain shares of corporate stock having an aggregate value at that time of $103,803.06. The value of the shares so transferred to each of the trusts was $34,601.02. Certificates representing the shares were delivered to the trustee of the three trusts during the calendar year 1933 and were accepted by the trustee.

Each of the trust instruments directed the trustee to collect the income from the trust corpus, and after paying expenses, taxes, etc., to accumulate the remainder of the income until the child named therein attained the age of 21 years or died before that time. Upon reaching the age of 21 each child was to receive the trust income until he reached the age of 30, or until the death of his mother, who was trustee, whichever event occurred first, then he was to receive the corpus. In the event of the death of any child before the time of distribution of the trust created for him, the corpus was to go to his issue, and in default of issue, to the other children of petitioner.

The petitioner filed a gift tax return with the collector at Chicago, Illinois. He reported therein the gifts above described in the aggregate amount of $103,803.07. He deducted from that amount $15,000, being $5,000 for each trust, and the specific exemption of $50,000, leaving a net taxable amount of $38,803.07. The respondent disallowed the deduction of $15,000, stating in his notice of deficiency that: "The gifts * * * are determined to constitute gifts of future interests, and, therefore, no exclusions are allowed."

Section 501 (a) of the Revenue Act of 1932 provides for the imposition of a tax "upon the transfer * * * by an individual * * * of property by gift", and subsection (b) provides that "The tax shall apply whether the transfer is in trust or otherwise * * *." Section 504 (b) reads as follows:

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

It is under this last quoted provision that the present controversy arises. The question is whether the gifts made to the three trusts in this case were "gifts (other than future interests in property)", or whether, as the respondent held, they were future interests.

It has been suggested that the quoted parenthetical phrase refers only to interests which were future interests in the hands of the donor. If so, it would not apply to this case for the donor here had a present interest in the property and it was that interest that he transferred. However, we do not believe that it was the intent of

Congress in enacting the statute to relate this phrase to the donor's interest. The Committee reports [1] accompanying the revenue bill of 1932 indicate that the "future interests" provision was aimed at the interest taken by the donee. While the tax is laid upon the donor and the basis is the value of the property that he transfers by way of gift, the amount of the tax is affected by various deductions or exemptions. One of these is the $5,000 allowance or exclusion under section 504 (b), which operates as a measure of the amount of the tax. In order to determine whether it applies it is necessary to find the character of the interest that the donee takes.

Proceeding on the premise that the statute is to be applied from the standpoint of the donees' interests, we reach the question whether in this case the gifts in the hands of the donees were "other than future interests." To state it shortly, were they present interests or future interests? If they were gifts of present interests, the petitioner in making his return properly excluded $5,000 of the value of the property transferred to each trust; if they were gifts of future interests, the Commissioner was right in refusing to allow the exclusion.

Congress has not defined in the statute the term "future interests." The definition in the quoted Committee reports, if standing alone, would lead to the conclusion that the term was intended to apply to any interest of which the donee would not take immediate and actual physical possession. But the possibility of this being the true intent is tempered by the next sentence, which gives the reasons for the insertion of the future interests provision. The exclusion is to be allowed in so far as the donees are ascertainable and denied in the case of future interests because of an apprehended difficulty of determining the number of eventual donees and the values of their respective gifts. In a case like that before us, where the eventual donees are named and the value of the gifts to them readily ascertainable, there is no such difficulty as the Congressional Committees feared. Where in a given situation the reasons which prompted the enactment of a provision are absent, we doubt the propriety of our attempting to spell out of the situation some possibility which might make it come within the statute. While not necessary to a decision in this case to determine the inner or outer boundaries of the definition in the Committee reports, it would appear that what was in mind as a future interest was a remainder

---

[1] The exemption does not apply with respect to a gift to any donee to whom is given a future interest. The term "future interests in property" refers to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. The exemption being available only in so far as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts. Rept. No. 665, p. 41; Rept. No. 708, p. 29, 72d Cong., 1st sess.

318

or a reversion supported by an intervening estate. In such cases there exists the apprehended difficulty of which the reports speak.

The search for the answer to the question here leads first to the matter of identifying the donees. The present gift tax statute, like that of its predecessor, the Revenue Act of 1924, "is aimed at transfers that have the quality of a gift." *Burnet* v. *Guggenheim*, 288 U. S. 280. We can eliminate the trustee from consideration as a donee. The transfer to the trustee does not have the quality of a gift, as the trustee has no beneficial use of the property. Hence, the donee with which we are concerned must be either the beneficiary, or the trust considered as an entity.

In these cases the designated beneficiaries of the trusts have the present beneficial ownership of the entire corpus and of the income being accumulated. There is no intervening estate. The trust corpus is being administered and the income accumulated for the sole use of the beneficiaries. They alone have the enjoyment of it, even though physical possession is postponed. In this view of the question it is our opinion that the beneficiaries have present interests in the property which are subject to the $5,000 exclusion.

If it can not be said that the beneficiaries alone are the donees, we think it may with reason be held that the trusts considered as entities are the donees and take present interests. While trusts are abstractions, they have long been treated by the taxing statutes as entities having a separate existence. *Anderson* v. *Wilson*, 289 U. S. 20. Section 504 (b) of the Revenue Act of 1932 refers to gifts "made to any person" and section 1111 (a) (1) of the same statute defines "person" as meaning "an individual, *a trust*, or estate." Considering the trusts in these cases as embracing the trustee as well as the beneficiaries, we find that they have all the interests with which the donor parted and it is beyond question that the donor parted with a present interest in the property. The trusts have both legal title and the beneficial interest. The trusts being "persons" and each taking the entire interest with which the donor parted, they may properly be regarded as the donees and as taking the present interest in the property to which the $5,000 exclusion applies.

While the wording of the statute when considered in conjunction with the Committee reports is not entirely free from doubt, we believe that the answer here arrived at correctly interprets the statute and gives effect to the Congressional intent.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

SMITH, STERNHAGEN, and MURDOCK concur in the result.

SEAWELL dissents.