## COMMISSIONER OF INTERNAL REVENUE v. KREBS (two cases).
### Nos. 6319, 6320.

Circuit Court of Appeals, Third Circuit.

June 4, 1937.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Berryman Green, Sp. Assts. to Atty. Gen., for petitioner.

Richard B. Barker, of Washington, D. C. (Ivins, Phillips, Graves & Barker, of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON and THOMPSON, Circuit Judges, and MARIS, District Judge.

THOMPSON, Circuit Judge.

These are petitions for review of two decisions of the Board of Tax Appeals. In 1932 the taxpayer created three irrevocable trusts for the benefit of each of his three children. He transferred to each of those trusts without any valuable consideration, $5,000. In 1933, without any valuable consideration, he transferred to each of the trusts 50 shares of Dupont Company stock of the value of $4,712.50 and cash in the following amounts: $656.37, $667.88, and $658.25. In the same year he created three additional irrevocable trusts with the same beneficiaries and transferred to each of the three trusts 150 shares of Krebs Estate, Inc., common stock of the value of $47,144.25. Each of the trust instruments directed the trustee to use the income from the trust fund for the support, maintenance, benefit, and education of the named beneficiary until such beneficiary attained the age of twenty-five. Unexpended income was to be paid directly to the beneficiary or to his issue, appointees, or distributees. The taxpayer reserved the privilege of acting in an advisory capacity to the trustee. Some variations in the trust instruments, not pertinent to the question herein involved, are omitted from our consideration. The instruments creating all of the trusts contained the following provision:

"No beneficiary shall have any right to or interest in any of the income of the trust until the date upon which Trustee shall, according to the terms of this agreement, pay such income to such beneficiary and then only if such beneficiary be living on that date."

In making his gift tax returns for the taxable years 1932 and 1933, the taxpayer deducted $5,000 from the value of the gifts to each of the trusts, claiming such right under section 504(a) and (b) of the Revenue Act of 1932 (26 U.S.C.A. § 553(a, b).

The Commissioner decided that the transfers were gifts of future interests in property, disallowed the claimed deductions on that ground, and assessed a deficiency. The Board of Tax Appeals held that the transfers were gifts of present interests and that the taxpayer was entitled to. make the deductions by reason of section 504(b) of the Revenue Act of 1932 (26 U.S.C.A. § 553(b). That act provides:

Section 501(a): "For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502 [section 551], shall be imposed upon the transfer during such calendar year by any individual, resident, or non-resident, of property by gift.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible." 26 U.S.C.A. § 550(a, b).

Section 504(a): "The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 505 [section 554].

"(b) In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." 26 U.S. C.A. § 553(a, b).

Section 1111(a): "When used in this Act—

"(1) The term 'person' means an individual, a trust or estate, a partnership, or a corporation." 47 Stat. 289 (26 U.S.C.A. § 1696(1).

We are of the opinion that the gifts were gifts of a present interest, whether the test used be the nature of the interest which the donor gave, or the nature of the interest which the trustees or the cestuis que trusts received. Since the statute imposes the tax upon the donor, it seems pertinent to determine whether the interest which the donor gave was a present or future interest rather than to determine the quality of the estate received by any particular beneficiary. It is clear that the donor parted completely with the subject-matter of the gifts, including all right, title, and interest in possession or enjoyment, at the time of making the transfer. We think it clearly appears, when we consider that the donor, after the gifts were made, had no longer any interest whatever, present or future, in the stock and

funds donated, that the gifts were of a present interest.

Assuming, however, that the nature of the gifts is to be considered from the standpoint of the character of the interests received rather than that of those given, the trustees undoubtedly took present interests. Inasmuch as the term "person" is defined by section 1111 of the act to include a trust or estate, the trust estates here involved must be held to be those persons to whom the gifts were made within the meaning of section 504(b). That is the reason assigned for a similar conclusion by the Seventh Circuit in Commissioner of Internal Revenue v. Wells (C.C.A.) 88 F.(2d) 339.

We are further of the opinion that tested by the nature of the gifts to the cestuis que trusts, the donor was entitled to the deduction. The donees were named, the respective values of the gifts to them were ascertainable, and they were given the use of the income and of the unexpended accumulated income without an intervening estate, even though physical possession was postponed.

Under the circumstances recited, we conclude that the Board of Tax Appeals correctly decided that the taxpayer was entitled to exclude the sums in question from his return.

The decision of the Board of Tax Appeals is therefore affirmed.