NOYES v. HASSETT, Former Collector of Internal Revenue.

No. 6734.

District Court, D. Massachusetts.
July 13, 1937.

Richardson, Wolcott, Patten & Bennett, and William E. Bennett, all of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to the U. S. Atty., both of Boston, Mass., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Arthur L. Jacobs, Sp. Assts. to the Atty. Gen., for defendant.

BREWSTER, District Judge.

This action is brought to recover a portion of a gift tax, imposed by the Revenue Act of 1932 (47 Stat. 169). Jury trial was waived, and the case was submitted on stipulated facts, from which it appears that on December 28, 1934, the plaintiff made four transfers of shares of preferred stock in the Noyes Buick Company to trustees. Each transfer was of 250 shares having a value of $22,500, or a total for the four transfers of $90,000. Plaintiff returned and paid a gift tax on $40,000, having deducted the statutory exemption of $50,-000. He later claimed a further deduction of $5,000 with respect to each gift, based upon the provisions of section 504 (b) of the Revenue Act of 1932 (26 U.S.C.A. § 553 (b). His claim for refund, duly filed, was denied.

The question presented is whether the provisions of section 504 (b) apply to the four transfers by the plaintiff. Each was made for the benefit of a minor child for his or her life, with provision for the disposition of the principal upon the death of the life beneficiary. The trusts were irrevocable. The donor reserved no right to alter or terminate them and he was not vested with any power to revest in himself title to the property transferred.

The terms of the trust instruments, so far as they are material, are identical. It will only be necessary to recite the pertinent provisions of the instrument of transfer for the benefit of the plaintiff's son, Harry K. Noyes. By the terms of this trust the plaintiff transferred to trustees 250 shares of the preferred stock of the Noyes Buick Company upon the following trusts:

"1. During the life of my son, Harry K. Noyes, to pay to him the net income quarterly or oftener.

"II. Upon the death of my said son, to pay the remaining principal and all unpaid, accrued and accumulated income of the fund to and for the benefit of such of my descendants and any wife of my said son as shall survive him in such manner and in such estates and subject to such trusts, powers, provisos, and conditions and in such proportions and amounts as my said son shall by will designate and appoint, with power to my said son in and by such appointment to exclude from any share in such distribution either such wife or any one or more of such descendants, and in default of appointment, to my son's issue living at his death per stirpes; and if no such issue is then living, to my issue then living per stirpes.

"III. The beneficial interests are also subject to the following provisions:

"A. So far as the trustees are directed to pay income to any beneficiary they may in their discretion accumulate said income or any part or parts thereof and retain the accumulations on a separate account, with discretionary power to pay them out at a later time or later times as if they were part of current income, or to add them at any time or times to principal.

"B. All provisions in this instrument for the payment of any sum whether principal or income are subject to the further provision and condition that said princi•

pal or income shall be inalienable and not subject to be reached or applied by any creditor of the person entitled thereto.

"C. So far as the trustees are directed to pay income or principal to any beneficiary they may make such payments directly to such beneficiary whether or not under age, may make such payments to the beneficiary's guardian or conservator, or may expend the same for his use or benefit, and they shall have power to determine what expenditures are for the use or benefit of any beneficiary.

"D. Whenever it is the opinion of both of my trustees that such a payment will promote my said son's best interests, the trustees may make a payment or payments to him from the principal of the trust fund. This provision, however, shall not give my said son any right to demand principal or any court the right to order the trustees to make payment to him."

The Revenue Act of 1932 imposes a tax upon transfers by individuals of property by gift (section 501 (a), 26 U.S.C.A. § 550 (a). The tax applies to transfers of property in trust (section 501 (b), 26 U.S.C.A. § 550 (b). Section 504 of the act (26 U.S.C.A. § 553) provides as follows:

"Sec. 504 [553]. *Net gifts*

"(a) *General definition.* The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 505 [554].

"(b) *Gifts less than $5,000.* In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

The word "person" as used in the act means "an individual, a trust, estate, partnership, company, or corporation." Section 1111 (a) (1), 26 U.S.C.A. § 1696 (1) and note.

The defendant, proceeding on the theory that the right to the deduction is to be determined with reference to the character of the gifts received by the children, contends that the provisions made for their benefit operate to transfer a future interest within the meaning of the section. The contention is based largely upon the contingencies arising from the discretionary powers conferred upon the

trustees and the inalienability of the income by the life beneficiary.

In my opinion neither the theory nor the contention is sound. The tax is laid upon the transfer made by way of gift. The donor is primarily liable for the tax, although now the donee may also be held. Section 510 (26 U.S.C.A. § 559). The allowable deduction is made from gifts "made to any person" and the word "person" is, by the statute, defined to include trusts. See Anderson v. Wilson, 289 U.S. 20, 27, 53 S.Ct. 417, 420, 77 L.Ed. 1004.

According to the Restatement of the Law on Property, a present interest in property which is the subject matter of a trust is any interest which includes "either the right to the immediate beneficial enjoyment of the proceeds of the trust; or the right of the trustee forthwith to have the control and management of the affected thing pursuant to the provisions of the trust." Restatement of the Law on Property, vol. 2, § 153, p. 520. In the case at bar the plaintiff had parted with all title in and control over the property transferred or the income derived therefrom.

In dealing with trusts containing limitations similar to those now before this court, the Board of Tax Appeals and the Circuit Court of Appeals have held that section 504 (b), 26 U.S.C.A. § 553 (b) applied. Commissioner of Internal Revenue v. Wells (C.C.A.) 88 F.(2d) 339, 341; Commissioner of Internal Revenue v. Krebs (C.C.A.3) 90 F.(2d) 880, decided June 4, 1937.

In the Wells Case there was a transfer of shares of stock upon an irrevocable trust to accumulate the income until the beneficiary should attain the age of twenty-one years or should die before that time. Upon the happening of a subsequent event, the corpus was to be turned over to the beneficiary or his issue. The court held that the gift was not of a future interest, the court observing: "Under the undisputed evidence all the elements of a consummated gift were present. With respect to the donor the transfer was not in futuro. He thereby divested himself of all vestige of title, and no future act on his part could modify or abrogate his act. Likewise, the donees were competent to accept the gifts, and they did so immediately. True, they were trusts, but they were no different from persons, for the Act so

states. They took immediate title to and possession of all the property from the donor; they put it to instant use for the directed purpose of building up an estate for the ultimate and contingent beneficiaries, who were named specifically. The fact that those beneficiaries did not come into possession of the corpus until some time in the future, dependent upon some contingency, does not make the donor's act any the less a completed transfer to the trustees. The fact must not be overlooked that the Act involved relates to transfers and not receipts."

Moreover, if the right to the deduction is to be determined with reference to the character of the interest received by the life beneficiary, I am likewise led to the conclusion that the statute applies. I am unable to agree that the terms of the trust instruments impart to the equitable estate or interests taken by the children the attributes of a future interest, as the term is known in the law, or as defined in the Regulations promulgated by the Commissioner of Internal Revenue. Reg. 79, art. II.

While the provisions of the trusts impose a restraint upon alienation of the income and subject it to contingencies, it does not follow that the rights of the life beneficiaries fall in the category of those interests or estates which are limited to commence in possession or enjoyment at a future date. See Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 13, 57 S. Ct. 330, 81 L.Ed. 465. The exception of the statute does not extend to contingent or inalienable interests if they are not future interests. Without attempting to define with exactness the interests or estate which the several life beneficiaries took, it is enough to hold that they were not future interests within the purview of the statute.

These views are not necessarily inconsistent with the Senate Report, cited by the defendant, which explains section 504 (b). The reason for excepting future interests apparently was the apprehended difficulty in ascertaining the eventual donees and the values of their respective gifts. In the case at bar, the donees are ascertained and the valuation of their interests, for the purpose of administering the statute, presents no insuperable difficulty.

In Commissioner of Internal Revenue v. Krebs, supra, the court, while rejecting the government's contention that the criterion is the nature of the interest given to the cestuis que trusts, added that they were "of the opinion that tested by the nature of the gifts to the cestuis que trusts, the donor was entitled to the deduction. The donees were named, the respective values of the gifts to them were ascertainable, and they were given the use of the income and of the unexpended accumulated income without an intervening estate, even though physical possession was postponed."

It follows from the foregoing that the plaintiff is entitled to the claimed deduction and his claim for refund should have been allowed.

Plaintiff may recover judgment according to his declaration.