## DAVIDSON v. WELCH, Collector of Internal Revenue.

### No. 6995.

District Court, D. Massachusetts.

March 4, 1938.

J. Alec Lane and Earle W. Carr (of Gaston, Snow, Saltonstall, Hunt & Rice), both of Boston, Mass., for plaintiff.

Jerome P. Carr, Sp. Asst. to Atty. Gen. (Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Arthur L. Jacobs, Sp. Assts. to Atty. Gen., on the brief), for defendant.

SWEENEY, District Judge.

In this suit the plaintiff seeks to recover an alleged overpayment of gift tax for the year 1934. The defendant has demurred to the action, assigning as a reason therefor that the matter contained in the declaration is not sufficient to constitute a cause of action, and, secondly, that it does not appear that the taxes which the plaintiff seeks to recover were improperly or illegally collected under the provisions of the Revenue Act of Congress of June 6, 1932, 47 Stat. 169.

### Findings of Fact

On January 18, 1934, the plaintiff and his wife created an irrevocable trust, naming the Old Colony Trust Company as trustee. The property transferred consisted of three life insurance policies which had a then present surrender value of of $37,740.05. The instrument provides that upon the plaintiff's death the proceeds are to be divided into equal shares, one for each of the seven children of the plaintiff then surviving, and one share for the issue of any child who has died, leaving issue. The trustee is to pay the income of each share to the child for whom it is held for life, paying one-half of the principal when said child reaches the age of 45, provided that at least 10 years have elapsed after the plaintiff's death. The final date of distribution is set at 21 years after the death of the survivor of the plaintiff's children and grandchildren living at the time of establishment of the trust. The instrument contains a "spendthrift trust" drawn in conformity with the laws of Massachusetts.

Following the establishment of the trust, and during the year 1934, the plaintiff paid premiums on the policies held by the trustee in the amount of $20,971.25. In the same year, the plaintiff also made an outright gift to his daughter Elizabeth of a home worth $20,000. In filing his 1934 gift tax return, the plaintiff claimed a total exclusion of $85,000, based on the above gifts. $5,000 of this amount represented the first $5,000 of the value of the home given to his daughter Elizabeth,

which it is conceded he was entitled to as an exclusion, and the remaining $30,-000 represented an exclusion of $5,000 for each of the gifts made to his other six children.

A deficiency of $1,213.99 was determined by the Commissioner on the ground that the interests conveyed were future interests, and hence not subject to exclusion under section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. § 553(b). The plaintiff paid this deficiency, with interest, duly protesting the assessment of the deficiency. His total payment, including interest, was in the sum of $1,272.26. A claim for refund of this amount was made, and on April 3, 1936, was rejected. This suit was brought for the recovery of that amount and interest.

It is to be noted at the outset that the Commissioner's denial of the claim for refund was based upon a ruling that the gifts set up in the trust indenture were gifts of future interests, and therefore not entitled to exclusion from the gift tax return. The real ground upon which this case now must turn is not the question of whether the interests were future or present, for, in the light of Commissioner v. Wells, 7 Cir., 88 F.2d 339, Commissioner v. Krebs, 3 Cir., 90 F.2d 880, and Noyes v. Hassett, D.C., 20 F.Supp. 31, I am of the opinion that the interests transferred from the donor were present interests. A ruling to this effect will appear later in this opinion. The real question concerns the identity of the donee of the gifts. The respondent urges that the decision in the case of Commissioner v. Wells, supra, to the effect that the gift was of a present interest, is erroneous, because it is predicated upon the theory that the real donee was the trust. The decision in that case may have been made on some such basis, but in the cases of Commissioner v. Krebs and Noyes v. Hassett the courts decided that similar gifts were of present interest, rather than future, without regard to the identity of the donee. I choose to follow all of these cases in reaching my decision that the gifts in the instant case are gifts of present interests, but I will depart from the Wells Case on the question of the identity of the donee.

In Commissioner v. Wells, supra, it was held that, where a donor, by three separate trust instruments, made gifts of corporate stock with direction to the trustee to collect the income from the trust corpus, and, after paying expenses, taxes, and the like, to accumulate the remainder of the income until the cestui qui trust should reach the age of 21 years, and then to pay the trust income to the cestui qui trust until he or she reached the age of 30, such a gift was a gift of a present interest. This decision was followed in the two later cases above cited, and in Deeds, Petitioner, v. Commissioner of Internal Revenue, Feb. 4, 1938, 37 B.T.A. 293, and Rheinstrom v. Commissioner, February 9, 1938, 37 B.T.A. 308, and seems to be controlling in the present case.

As bearing on the ultimate question in this case—the identity of the real donees—it is important to notice that in the Wells Case, supra, it was held that where the donor makes gifts to three children, using as a method therefor three separate trust indentures, that an exclusion of $5,000 for each gift was proper. The court in deciding that question did so upon the theory that the trusts were the donees, and, since there were three distinct gifts to the donees, that there should be excluded $5,000 for each gift. The court could have reached the same conclusion by finding that the real donees were the cestuis qui trust.

In the later cases of Commissioner v. Krebs, supra, and Noyes v. Hassett, supra, the courts followed the decision in the Wells Case, but particularly refrained from identifying the donees of the gifts. In Knox v. Commissioner, October 8, 1937, 36 B.T.A. 630, and in other cases since then, the Board of Tax Appeals has consistently held that there could be but one deduction where there was but one trust indenture, no matter how many cestuis qui trust might be named in each trust indenture. The effect of these decisions, which seem to be based entirely on the Wells Case, appears to be this: If A, by one indenture, makes gifts providing for ten children, A is entitled to exclude but $5,000 from his gift tax return. If, on the other hand, A, by ten separate trust indentures, makes gifts providing for ten children, then he is entitled to ten separate exclusions of $5,-000. Such a condition exalts the form and disregards the substance of our tax laws. I cannot follow the reasoning of the Board of Tax Appeals, nor adopt the decision in the Wells Case to the extent of ruling that the trust is the donee of the gift. Substance, and not form, should control in the application of taxing stat-

utes. See Sanborn v. Commissioner, 8 Cir., 88 F.2d 134.

Section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. § 553(b), provides: "In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

This clearly provides that the donor may exclude the first $5,000 of gifts to any person. The donor desired to make equal gifts to each of his seven children. He chose to make these gifts through a single trust indenture. The form of the conveyance ought not to defeat his rights. The legal title to the property conveyed to the seven children vested in one trustee. The equitable title to each one-seventh of the property conveyed vested in his children. Undoubtedly, the reasons for the establishment of the trust were the ordinary and numerous reasons usual for the creation of trusts. In the mind of the donor, however, when he divested himself of title to the property conveyed, he was making equal gifts for the benefit of his children. In other words, the conveyance was to one trustee. The gifts were to the seven children. See Cox v. Rusling; 3 Cir., 86 F.2d 236.

### Conclusions of Law.

I therefore find and rule that the gifts set up in the trust indenture of January 18, 1934, were gifts of present interests. I also find and rule that each beneficiary named in the trust indenture is a donee within the provisions of section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. § 553(b). The defendant's demurrer is overruled.