## RHEINSTROM v. COMMISSIONER OF INTERNAL REVENUE.
### No. 11265.

Circuit Court of Appeals, Eighth Circuit.
June 26, 1939.

WOODROUGH, Circuit Judge, dissenting.

Donald F. Pratt, of Minneapolis, Minn. (Guesmer, Carson & MacGregor, of Minneapolis, Minn., on the briefs), for petitioner.

Louise Foster, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Harry Marselli, Sp. Assts. to Atty. Gen., on the briefs), for respondent.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals (37 B. T. A. 308) redetermining a deficiency in gift taxes of the petitioner for the year 1934, under the Revenue Act of 1932.[1]

The facts are not in dispute. On November 7, 1934, the taxpayer executed and delivered a trust instrument to three trustees, irrevocably transferring to them, in trust, personal property of the value of $205,222.27. The trust was created for the benefit of the taxpayer and her four children. By its terms, she retained a life interest in 40% of the entire net income. The trustees were directed to pay to her son Stewart H. Clifford 12½% of the entire net income. They were directed to hold 12½% of such income for the benefit of her son Benjamin B. Clifford, but with the discretion to pay over to him only so much thereof as might to them seem best, and with power to pay all or a portion thereof to his wife "and/or" children; any unexpended portion of such income to be invested for his benefit "and/or" that of his wife and children. The trustees were directed to hold 12½% of such income for the benefit of the taxpayer's son Arthur F. Clifford upon the same terms and conditions as were applicable to Benjamin B. Clifford. The trustees were directed to hold 12½% of such income for the benefit of the taxpayer's daughter, Katherine Clifford, with discretion to pay over only so much of the income to her as to them seemed best, and to invest any unexpended balance for her benefit. The remaining 10% of the net income was to be accumulated, invested and held "as a reserve fund, with absolute power and discretion in said trustees to pay over to" the taxpayer, "during her lifetime, such part, if any of this 10% of the entire net income of said trust, and accumulations, if any, thereon, as may to said trustees seem best, and with absolute power and discretion in said trustees, after the death of" the taxpayer, "to pay over to the children of" the taxpayer, "or to their successors in interest as hereinafter provided, such part, if any, of this 10% of the entire net income of said trust and accumulations, if any, thereon, as may to said trustees seem best * * *."

In her gift tax return for the year 1934, the taxpayer, in the belief that in creating this trust she had made four gifts—one to each of her four children—excluded $20,000 by virtue of Section 504(b). (See footnote 1.) She also assumed, in making her return, that she had retained a life interest in 50% of the income from the property transferred in trust. She paid her tax upon that basis.

---

[1] The pertinent provisions of the Revenue Act of 1932 are:

"Sec. 501 [Section 550]. Imposition of tax

"(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502 [551], shall be imposed upon the transfer during such calendar year by any individual, resident, or nonresident, of property by gift.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible * * *."

47 Stat. 169, 245, 26 U.S.C. § 550, 26 U.S.C.A. § 550.

"Sec. 504 [§ 553]. Net gifts

"(a) General definition. The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 505 [554].

"(b) Gifts less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

47 Stat. 169, 247, 26 U.S.C. § 553, 26 U.S.C.A. § 553.

"Sec. 1111 [§ 1696]. Definitions

"(a) When used in this Act—

"(1) The term 'person' means an individual, a trust or estate, a partnership, or a corporation."

47 Stat. 169, 289, 26 U.S.C. § 1696(1), 26 U.S.C.A. § 1696(1).

644

The Commissioner of Internal Revenue determined that the taxpayer's gifts to three of her children were of "future interests", and that she was entitled to but one exclusion of $5,000, which was on account of the unconditional gift to her son Stewart. The Commissioner also determined that she had not retained a life interest in the "reserve fund", but had such an interest in only 40% of the income of the trust estate.[2] This action of the Commissioner resulted in the deficiency complained of.

The taxpayer petitioned the Board of Tax Appeals for a redetermination. Before the Board, apparently only two questions were presented: (1) Did the transfer by the taxpayer to the trust which she created constitute a *single gift entitling* her to one exclusion of $5,000, or did it constitute four gifts, one to each of her four children, who were the beneficiaries of the trust? (2) Did the taxpayer retain a legal or equitable interest in the "reserve fund" set up by the trust instrument? The Board ruled that the taxpayer had made but a single gift, of which the trust was the donee, and that she had retained no interest in the reserve fund which could be considered in determining her gift tax.[3]

---

[2] The statements made by the Commissioner in his deficiency letter of Jan. 30, 1936, with respect to these two matters are as follows:

"Under the terms of the trust executed by you on November 7, 1934, it appears that you reserved the income from 40 per cent of the corpus of the trust for life, and that the income from 10 per cent of the corpus, which is designated as a reserve fund, may or may not be paid to you, in the absolute discretion of the trustees. The income from one-fourth of the balance of the corpus is payable to Stewart H. Clifford and the income from three-fourths of the balance of the corpus is for the benefit of the other three children to be paid or invested in the discretion of the trustees.

*  *  *

"No exclusions are allowed for the gifts made in trust to three of your children, namely, Benjamin B. Clifford, Arthur F. Clifford and Katherine Clifford, for the reason that these transfers are considered to be gifts of future interests against which no exclusions are allowable. Future interests include interests and estates whether or not vested in title, but which, because of a limitation, a condition, or an intermediate estate in someone else, are not vested in possession or enjoyment. Although you have made completed transfers in trust to these donees, their children and heirs because of the limitation or condition giving the trustees the absolute discretion as to whether the income shall be paid to the donees or accumulated and added to the corpus, they do not receive immediately the unrestricted use, possession or enjoyment of the income, and the gifts are therefore considered to be gifts of future interests."

[3] With respect to the first question, the Board said (page 312 of 37 B.T.A.): "In this case there was a gift of one corpus to one trust by virtue of one trust instrument. Although there were four beneficiaries, there was but one transfer made by the petitioner, which was to the trust itself. We must, therefore, conclude on the authority of previous decisions that but one gift was made, and only $5,000 may be excluded. Seymour H. Knox v. Com'r, 36 B.T.A. 630. Cf. Thomas E. Wells v. Com'r, 34 B.T.A. 315, affirmed [7 Cir.], 88 F.2d 339; Commissioner v. Krebs, [3 Cir.] 90 F.2d 880."

With respect to the second question, the Board said (page 313 of 37 B.T.A.): "Petitioner also contends that she retained a life interest in 50 percent of the income of the property given to the trustees and that the respondent erred in considering that she retained a life interest in only 40 percent of the trust income. The contention of the petitioner is based on the argument that, although 10 percent of the income of the trust is to be held by the trustees as a reserve fund pursuant to section (f) of the second article of the trust indenture, set out in our findings of fact, supra, to be accumulated and invested by them, the trustees do have the authority in their absolute discretion to pay any part of this income to petitioner during her life, as may seem best to the trustees; and, therefore, the petitioner has a reserved life interest in such part of the income of the trust the commuted value of which should be deducted from the present value of the corpus of the gift to the trust in the same way as was deducted the value of her life interest in the 40 percent of the income of the trust provided for by section (e) of the second article of the trust indenture. The deduction of her commuted life interest in the 40 percent has been allowed by the respondent. Despite some ambiguity in the brief, it is not our understanding that petitioner makes a contention that any part of the corpus of the trust should be exempt from the gift tax under article 3 of Regulations 79, because of a power reserved by her to alter the trust, for an examination of the trust

Three questions are presented to this Court for decision:

1. Did the transfer in trust constitute one gift to the trust or four gifts to the beneficiaries?

2. If it constituted four gifts, were three of them gifts of "future interests"?

3. Did the taxpayer retain an interest in the reserve fund which should have been taken into consideration in computing her tax liability?

1. In support of his contention that the taxpayer made a single gift to her trust, the Commissioner cites Commissioner v. Wells, 7 Cir., 88 F.2d 339, and Commissioner v. Krebs, 3 Cir., 90 F.2d 880. The question considered in those cases was whether certain gifts in trust were gifts of present or of future interests. In the Wells case, the court, in discussing that question, said (page 341 of 88 F.2d):

"Under the undisputed evidence all the elements of a consummated gift were present. With respect to the donor the transfer was not in futuro. He thereby divested himself of all vestige of title, and no future act on his part could modify or abrogate his act. Likewise, the donees were competent to accept the gifts, and they did so immediately. True they were trusts, but they were no different from persons, for the Act so states. They took immediate title to and possession of all the property from the donor; they put it to instant use for the directed purpose of building up an estate for the ultimate and contingent beneficiaries, who were named specifically. The fact that those beneficiaries did not come into possession of the corpus until some time in the future, dependent upon some contingency, does not make the donor's act any the less a completed transfer to the trustees. The fact must not be overlooked that the Act involved relates to transfers and not receipts."

In the Krebs case, the court said (page 881 of 90 F.2d):

"We are of the opinion that the gifts were gifts of a present interest, whether the test used be the nature of the interest which the donor gave, or the nature of the interest which the trustees or the cestuis que trusts received. Since the statute imposes the tax upon the donor, it seems pertinent to determine whether the interest which the donor gave was a present or future interest rather than to determine the quality of the estate received by any particular beneficiary. It is clear that the donor parted completely with the subject-matter of the gifts, including all right, title, and interest in possession or enjoyment, at the time of making the transfer. We think it clearly appears, when we consider that the donor, after the gifts were made, had no longer any interest whatever, present or future, in the stock and funds donated, that the gifts were of a present interest.

"Assuming, however, that the nature of the gifts is to be considered from the standpoint of the character of the interests received rather than that of those given, the trustees undoubtedly took present interests. Inasmuch as the term 'person' is defined by section 1111 of the act to include a trust or estate, the trust estates here involved must be held to be those persons to whom the gifts were made within the meaning of section 504(b). That is the reason assigned for a similar conclusion by the Seventh Circuit in Commissioner of Internal Revenue v. Wells (C.C.A.) 88 F.2d 339.

"We are further of the opinion that tested by the nature of the gifts to the cestuis que trusts, the donor was entitled to the deduction. The donees were named, the respective values of the gifts to them were ascertainable, and they were given the use of the income and of the unexpended accumulated income without an intervening estate, even though physical possession was postponed."

It is to be noted that in the Wells case, the court held that the trust was the donee of the gift; while in the Krebs case the

---

indenture discloses no such power. Nor does the petitioner have any legal or equitable right to any distribution to her of any part of the 10 percent of the income which is subject to the provisions of section (f) of the second article of the trust indenture. She can only hope that the trustees, in their discretion, will make some distribution therefrom to her in the future as they have done in the past on two occasions. Even though we assume that petitioner has some right to this part of the income of the trust, she has nothing which may be valued according to any formula, and, therefore, no deduction can be made in addition in the deduction of the value of her reserved life interest in 40 percent of the trust income. Cf. Salomon v. State Tax Commission of New York, 278 U.S. 484 [49 S.Ct. 192, 73 L. Ed. 464]; Boston Safe Deposit & Trust Co., et al., Executors, v. Com'r, 30 B.T. A. 679."

court, after expressing the same view, ruled that the gifts there in question were gifts of present interests, whether regarded as having been made to the trust or to the beneficiaries.

In this connection, it is interesting to note that in his letter to the taxpayer, written on January 30, 1936, the Commissioner does not refer to the trust as the donee of the taxpayer, but refers to the beneficiaries of the trust as the donees. The Wells case was decided February 22, 1937. The taxpayer had filed her petition on August 7, 1936, for a redetermination of the deficiency determined by the Commissioner, and the decision of the Board was promulgated February 9, 1938. It is obvious that the Commissioner was originally of the opinion that this taxpayer had made four gifts to her children, three of which he regarded as gifts of future interests. It is apparent that the Wells case is the basis for the doctrine, adopted by the Commissioner and by the Board of Tax Appeals, that a transfer in trust such as that here involved constitutes a gift to a trust.[4]

The taxpayer relies upon Davidson v. Welch, D.C.Mass., 22 F.Supp. 726; Welch v. Davidson, 1 Cir., 102 F.2d 100, affirming Davidson v. Welch; and Ryerson v. United States, D.C., N.D.Ill., 28 F.Supp. 265, decided March 31, 1939, 1939 C. C. H. Federal Tax Service, Vol. 4, par. 9485. The Commissioner concedes that these cases sustain the contention of the taxpayer that she made four gifts, but is of the opinion that the cases were not correctly decided.

The following excerpts from the opinion in the case of Welch v. Davidson, supra, indicate the views of the United States Circuit Court of Appeals for the First Circuit with respect to the question under consideration (page 102, 103 of 102 F.2d):

■■ "It must be conceded that in equity the beneficiary of a trust is the owner of the trust res; that he has an equitable estate in the property constituting the trust and is considered the real owner; that the trustee, on the other hand, holds the legal title to the property with the right to administer it for the benefit of the beneficiary and in accordance with the terms of the trust; and that a gift, whether it is a direct one or an indirect one through the instrumentality of a trust, is the transfer of property with donative intent.

■ "We think it is plain enough that a beneficiary under an irrevocable trust, who takes a present interest (which it is conceded the beneficiaries in this case did), is the donee on whom the donor intended to bestow his bounty and that the trustee, to whom he conveys the legal title devoid of any beneficial interest, is not. Does the Revenue Act of 1932 call for a different interpretation?

*  *  *

■ "The statute of 1932, like that of 1924, was 'not aimed at every transfer of a legal title without consideration.' It was aimed at transfers that 'had come to be identified more nearly with a change of economic benefits than with technicalities of title', at 'transfers of the title that have the quality of a gift.' Surely transfer of title to the trustee did not partake of the quality of a gift. The trustee was not the object of the plaintiff's bounty. The transfer to it of the bare legal title effected 'no change of economic benefits' in its behalf. The beneficiaries are the donees.

*  *  *

"While the government has simply assigned as error the denial of its request for a ruling that under the trust indenture of January 18, 1934, the trustee is the donee within the provisions of Section

---

[4] In connection with the proposed enactment of Section 505 of the Revenue Act of 1938 (c. 289, 52 Stat. 447, 553, 26 U.S.C.A. § 553(b) which amended Section 504(b) of the Revenue Act of 1932 by eliminating exclusions with respect to transfers in trust, the Report of the Finance Committee (S. Rep. No. 1567, 75th Cong., 3d Sess., p. 41) contains this statement: "The committee is also proposing an amendment by which the exclusion would not apply to gifts in trust. The Board of Tax Appeals and several of the Federal courts have held, with respect to gifts in trust, that the trust entities were the donees and on that account the gifts were of present and not of future interests. The statute, as thus construed, affords ready means of tax avoidance, since a donor may create any number of trusts in the same year in favor of the same beneficiary with a $5,000 exclusion applying to each trust, whereas the gifts, if made otherwise than in trust, would in no case be subject to more than a single exclusion of $5,000. The proposed change does not reduce the $40,000 specific exemption for gifts. The amendment will apply only when computing the tax for the calendar year 1939 and succeeding calendar years."

504(b) of the Revenue Act of 1932, it now contends that under the trust indenture of January 18, 1934, the trust is the donee, as Section 1111(a) (1) of the Act of 1932, 26 U.S.C.A. § 1696(a) (1), states that the word 'person', as used in that Act, means 'an individual, a trust or estate, a partnership or corporation.' But if Section 1111(a) (1) is applicable, the question presented does not differ from the one raised by the assignment of error which we have already considered and held that the daughters of the donor, the individuals for whom the gifts were intended and to whom the economic interests were transferred are the donees."

We are in entire accord with the views expressed by that court and with the conclusion reached by it. The tax, as we understand, was not a tax upon all transfers made without consideration, but was a gift tax, namely, a tax upon transfers having the attributes of a gift. The conveyance by the taxpayer to her trustees of the legal title and of the right to possession of the trust estate, for the purpose of managing and administering it in accordance with the terms of the trust instrument, was unquestionably a transfer in trust, but it seems to us that it would be contrary to common sense to call it a gift to a trust. With respect to her trust and her trustees, the taxpayer was a giver of no gifts. She was a creator of the trust, the grantor of certain rights, powers and duties to those who were selected by her to administer the trust estate for the benefit of herself and her children. By virtue of the trust relationship which she created, the trustees acquired the legal title to the property which she conveyed, and became obligated to perform the services required and to fulfill the duties imposed by the trust instrument. To the extent of the reasonable value of the services rendered by them, the trustees would be entitled to compensation. The transfer, so far as they were concerned, was not even a transfer without consideration. It was a business arrangement from which they were to derive a reasonable compensation. Their promise to fulfill the duties and obligations imposed upon them was an adequate consideration for the transfer. They became the administrators of the trust estate which the taxpayer created. Whether the trust itself be regarded as a person, a thing or as a mere abstraction, we think is not important. We are unable to perceive how it might reasonably be treated as the recipient of a gift from the taxpayer. The object which the taxpayer had in view in creating the trust was not to confer any boon upon her trust or her trustees. To her the trust was a mere device, means, method or mechanism for enabling her to effectuate her wishes with respect to the management of her estate and the distribution of the income derived therefrom to herself and to her children. Only the transfers of the beneficial interests in the trust estate to the children possessed any of the characteristics of gifts. If it had been possible for the taxpayer to give directly to each of her children exactly the same interest in her property which she transferred to them by the trust instrument, the number of gifts would have been the same, since the same or similar benefits would have been transferred to the same donees without the intervention of the trust.

It is our conclusion that the taxpayer, in creating this trust, made four gifts—one to each of her children—and that she made no gift or gifts to the trust or to the trustees.

2. The Commissioner contends, however, that, even if this is so, it would make no difference in the taxpayer's gift tax liability, since only her son Stewart received an unconditional present vested interest in his share of the income of the trust estate, and the interests of the other three children are to be regarded as "future interests". The Commissioner directs attention to the fact that by the terms of the trust instrument the trustees are not required to pay to these three children their proportion of the income, but may accumulate it for their benefit, or, in the case of two of them, may pay it to them, their wives or children. It is true that the three children, other than Stewart, received no unconditional right to have their shares of the income paid to them by the trustees. It is equally true, however, that the taxpayer retained no interest in the shares of income which were assigned to them, and that, by the terms of the trust, each of them (or the wives and children of the two sons) were to have his or her share or it was to be accumulated for his or her benefit. The enjoyment of the benefits conferred upon three of her children by the taxpayer was conditional, but it was to commence at once and not at some future date and was for their sole and immediate benefit.

Commissioner v. Wells, supra, 88 F.2d 339, dealt with the interest of a beneficiary of a trust which provided for the accumulation of income until he became of age, when he was to receive the income until he was thirty or until the death of his mother, when he was to receive the corpus. It was held that this was not a gift of a future interest, mainly upon the ground that it was the interest transferred by the taxpayer, and not that received by the beneficiary, which determined whether the gift was of a present or a future interest.

Commissioner v. Krebs, supra, 90 F.2d 880, dealt with trusts which directed the trustees to use the income from the trust estates for the support, maintenance, benefit and education of named beneficiaries until they were twenty-five years of age, the unexpended income to be then paid to them or to their issue, appointees or distributees. It was held that the gifts, whether regarded as being to the trust or to the beneficiaries, were not gifts of "future interests".

In Noyes v. Hassett, D.C.Mass., 20 F. Supp. 31, the court ruled that under a trust which permitted the trustees to accumulate income for the beneficiaries and to pay it to them or their guardians, or for the use or benefit of the beneficiaries with discretion in the trustees to determine what expenditures were for the use or benefit of the beneficiaries, the gifts were not of future interests, citing the Wells case and the Krebs case.

The case of Davidson v. Welch, supra, 22 F.Supp. 726, rejected the contention that the interests of the children of Davidson, under the trust there considered, which were not subject to immediate enjoyment, were future interests, and also the doctrine that the transfer in trust was one gift to a trust. On the appeal in that case, the ruling that the children took present interests was not assigned as error. Welch v. Davidson, supra, page 101 of 102 F.2d.

■ The Commissioner cites no case which sustains his position that the interests donated by the taxpayer to, or for the benefit of, three of her children, were future interests, and we think that they were not.

■ 3. With respect to the third question, the Board of Tax Appeals was of the opinion that the taxpayer had retained no legal or equitable interest in the reserve fund of the trust which would affect her gift tax liability. We agree. Whether she would ever receive any of this reserve fund depended entirely upon the trustees, over whose acts she retained no control. The fact that the record shows that they have paid it to her or used it for her benefit, we do not consider of importance. By the terms of the trust instrument, they might distribute all or part of the reserve fund to her during her lifetime, or they might withhold all of it. A somewhat analogous situation was ruled upon by this Court in Helvering v. St. Louis Union Trust Co., 8 Cir., 75 F.2d 416. There a trustee had been given discretionary power to terminate the trust, and the trust instrument provided that if it was terminated the estate was to revert to the grantor. This Court held that the possibility that the trust would be terminated during the grantor's lifetime would not make the transfer one to take effect in possession or enjoyment at or after death, and that at the time the grantor created the trust he parted with all beneficial interest in the trust estate. The Supreme Court affirmed. Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239. It seems to us that the taxpayer, here, parted with all beneficial interest in the reserve fund by the terms of her trust. Compare St. Louis Union Trust Co. v. Becker, 8 Cir., 76 F.2d 851. Certainly no one could compute the value of the taxpayer's hope or expectation that her trustees would pay over to her or expend for her benefit the 10% of income constituting the reserve fund.

The decision of the Board is affirmed in so far as it holds that the taxpayer retained a life interest in only 40 per cent of the income from the trust estate. It is reversed in so far as it holds that the taxpayer was entitled to one exclusion for one gift, instead of four exclusions for four gifts. The case is remanded to the Board for a redetermination of the deficiency in accordance with this opinion.

WOODROUGH, Circuit Judge (dissenting).

It seems to me that the gift tax exemption clause, 26 U.S.C.A. § 553, has been learnedly interpreted too much. The interpretations are in diametrical conflict, but join in defeating the tax assessor. I disagree with the result.

After the federal inheritance tax laws went into effect, the practice became even more general in this country to transfer estates upon long time trusts that preserve

the property and carry the beneficial interests into the future, usually beyond the life expectancy of the trustors. The trusts are not made causa mortis, but they accomplish the transmission of property beyond death more effectually and safely than testamentary dispositions or descent laws. Congress passed the gift tax acts to meet that situation.

But it was apparent to Congress that there are always many gifts being made in this country without anybody thinking about death or estates that might exist at death or about the interests of the donees at some future time—current bounties concurrently gratifying to those that give and those that take them. That kind of gifts ought not to be treated just like inheritances in taxation, and Congress did not want to so treat them. They are hard to delineate and differentiate from the other kind of gifts exactly without using the word "intent", which makes administrative difficulties in tax laws. But at that, I think Congress did identify them in plain words, well chosen to mark off the kind of gifts that should be subjected to tax different from gift transfers in general. Congress looked to the predominant characteristic of those gift transfers that do not work out like testamentary dispositions and which ought not to be taxed like inheritances. It observed that the distinguishing feature is that the donees get such gifts at the time they are made and for present enjoyment.[5] To exempt the sum of $5,000.00 out of that kind of a gift would have little effect on either inheritance or gift tax revenues. So Congress used the most apt words to describe that kind of a gift.[6]

After laying the taxes on all transfers given without consideration, Congress made exception of "Gifts Less Than $5,000.00", but it did not except all "Gifts Less Than $5,000.00". It eliminated from the $5,000 gift exception all of those gifts that carried "future interests in property". It said, "other than future interests in property". The intent was obvious.

Transfers of property upon trusts that insure to the objects of a man's bounty nothing in the present but an interest in and income from his property in the fu-

ture or after the donor's death, work out results like testamentary provisions and descent laws. Congress wanted and had a right to exact tax on inheritances, and it wanted to and had the same power to exact the tax on transfers that accomplish effects similar to letters testamentary and descent laws. The salient and universal characteristic of the transfers that do accomplish such effects is the preservation of the interest in property to the object of the bounty into the future. Therefore, as to those transfers that do provide for the future interests, Congress plainly said that they should be taxed. The words it used to make an exception to the exemption, "other than future interests in property", seem to me to convey the true intent too plain for argument. The phrase is not of technical significance or used in law like "estates in futuro." It is a layman's expression that every man on the street knows of. Who does not know the difference between getting his property now and getting future interests in it tied up so that he can't get his hands on it till he's old?

What else could have been in the mind of Congress when it said "future interests", save only the transfers that provide for the donee's future instead of his present enjoyment of property? Of course, there is a sense in which the beneficiary of a trust made to insure his future can be said to get a present interest. He can go to Shylock and cash in on his future. But what he gets then is not the gift his donor or the Congress had in mind. Congress was attempting to tax the donor of gifts. It spoke from that angle. It said to the donor, "If you give to the object of your bounty outright for his present enjoyment, you need not pay so much tax. But if you are providing for his future and give him a future interest, then you shall pay the full tax."

And observe that Congress had to make its gift tax exemption in just about that way, or give up its main purpose to tax all the gift transfers which work out like effects with testamentary dispositions. In laying taxes on estates of decedents Congress could properly and safely exempt certain amounts of an estate from tax. A man

---

[5] The amount in such gifts could not be taken as criterion because $5,000.00 to one man is large and to another petty. Accordingly, the first $5,000.00 is exempted.

[6] The language descriptive of the gifts

not to be taxed up to $5,000.00 is: "Gifts Less Than $5,000.00—In the case of gifts (other than of future interests in property) made to any person by the donor, the first $5,000.00 of such gifts" shall not be taxed.

dies only once, and only once is deduction taken from the amount of his estate. But it was .obvious to Congress that a living man can multiply his gift transfers to the limit of his estate. Manifestly, if Congress let him make $5,000 transfers of the kind that work out effects like testamentary dispositions without liability for tax, then all he had to do was to multiply and split his transfers and in that way effectively insure the future interests of his heirs presumptive without liability for any tax. Can it really be thought that such was the intent of Congress?

After the gift tax was passed, demand was soon made on the Tax Commissioner to exempt five thousand dollars out of the gift transfer of a large estate upon trusts intended to preserve the property and to provide for the future interests of heirs presumptive. The Commissioner refused to allow exemption and defended the suit of the taxpayer based on the demand. The Commissioner insisted that such transfers made to provide for the interests of the objects of the donor's bounty out of the future income ,of his property were plainly outside of the letter and the intent of the exemption clause of the Act of Congress. The taxpayer argued that his transfer was a gift, that it was an entity, that the trustee named in the transfer was a person as defined in the gift tax act, and that as the transfer was made to the trustee and he got all the estate in praesenti, in contrast to the future interests which would go to the beneficiaries, there ought to be one $5,000.00 deduction. The Circuit Court of Appeals of the Seventh Circuit sustained those contentions of the taxpayer· and held that one $5,000.00 deduction should be` made from all such transfers upon long term trusts. Commissioner v. Wells, 88 F.2d 339. With due respect, I think the Commissioner was right.

Of course, the case of Noyes v. Hassett, D.C., 20 F.Supp. 31, promptly resulted from the Wells decision. There the taxpayer, wanting to provide for the future interests of his children, transferred a very substantial estate upon long enduring trusts. He accomplished the transmission of the future interests in his property. to his heirs presumptive as effectually as by testamentary disposition, but he split the transaction up into separate trust indentures as suggested by the Wells decision, and the court, following that decision and Commissioner v. Krebs, 3 Cir., 90 F.2d 880, held (as it must) that there was no tax in respect to $70,000 of the estate transferred. When the Congress was apprised of such interpretation put on the act, it eliminated the $5,000 gift tax exemption altogether. Obviously the only possible alternative open to Congress was to lose all the gift taxes it had determined to impose.

In the present case, a large estate has been transferred on trusts to provide for the future of the donor's·children and those to come after them. None take anything to enjoy in the present—the whole transfer looks to future earnings and corpus that may exist in the future. We are asked to go a step further than the Wells case and to veer the interpretation as in the Krebs case, supra, and order not one, but several $5,000 deductions to be made out of this transfer. .The taxpayer demands that we count the beneficiaries who may get income from the property and its corpus in the future and make $5,000 deduction for each one of them. It is suggested (not without humor) that the Commissioner and Boards of Tax Appeals have taken positions that help justify such counting of beneficiaries and accelerated frustration of the gift tax law. Certainly those officers have been obedient to the court. But the responsibility to apply Acts of Congress to facts before the court is upon the court. It is the court's task to find the true intent of Congress and to carry that intent into .effect.

These future interests in property created by these long term trusts can only be relieved from the gift tax laid by Congress on interpretations the court expounds. .Those conflicting ones the court has put forward seem unconvincing to me. I think the Commissioner did the best he could to apply the law according to the plain meaning and intent of Congress, and that he was right in refusing to extend the exemption to these trust transfers which according to their letter and intent provide nothing but future interests in the property to the beneficiaries.